Commonwealth *v.* Trowery, Appellant.

Argued September 15, 1967. Before WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (ERVIN, P. J., absent).

*C. Harry Buckley,* for appellant.

*Norman J. Pine,* First Assistant District Attorney, with him *A. Alfred Delduco,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., November 16, 1967:

This appeal is from the trial and conviction by a jury of John W. Trowery, appellant, on a charge of robbery while armed with an offensive weapon and with accomplices. Trial was held in the Quarter Sessions Court of Chester County and defendant was sentenced to imprisonment for a period of not less than 7½ nor more than 15 years and to pay a fine of $500 with costs of prosecution.

The facts relating to defendant's arrest and conviction are not in dispute. On the morning of April 25,

1966 two unidentified men entered and robbed the Farmers Bank of Parkesburg. Immediately after the bandits left, one of the employes rushed out of the bank and, from the outside steps, observed a third man sitting in the driver's seat of an automobile across the street. This automobile was used as a "getaway" car by the bandits after the robbery. From an examination of photographs from State Police records, this witness identified the defendant as the man she had seen in the car across the street.

On this appeal appellant contends primarily that prejudicial error was committed by the introduction into evidence, over timely objection, of his photograph from the police file known as the "rogues gallery." He also asserts reversible error in the failure of the trial judge specifically to admonish the jury that the testimony presented to them relating to identification should be received with caution. Since we find the admission of the rogues gallery photograph sufficiently prejudicial to warrant the award of a new trial, we will deal exclusively with that issue.

It is almost too axiomatic to repeat the well-established common law rule that, in a criminal prosecution, proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged. *Shaffner v. Commonwealth,* 72 Pa. 60, 13 Am. Rep. 649 (1872) ; *Commonwealth v. Burger,* 195 Pa. Superior Ct. 175, 171 A. 2d 599 (1961). The purpose of this rule is to prevent the conviction of an accused for one crime by the use of evidence that he has committed other unrelated crimes, and to preclude the inference that because he has committed other crimes he was more likely to commit that crime for which he is being tried. The presumed effect of such evidence is to predispose the minds of the jurors to

believe the accused guilty, and thus effectually to strip him of the presumption of innocence.

The Commonwealth argues that this evidence is not adduced to show the commission of the particular crime charged, but merely for the purpose of identification, and therefore its admission does not constitute reversible error. This argument weakens rather than strengthens the Commonwealth's case, for in a real sense evidence of prior crimes may have probative value in proving the commission of the crime charged, but is excluded because the prejudice stemming from its introduction far overshadows that value. In a case where the evidence is introduced merely for the purpose of identification, most of the probative value of the evidence is lost while the prejudicial effect remains undiminished.

The Commonwealth cites *Commonwealth v. Luccitti*, 295 Pa. 190, 145 Atl. 85 (1928). There is a crucial distinction between *Luccitti* and the instant case that renders it inapplicable. As the court there stated, "On examination of the record, there is nothing to indicate that the pictures [those submitted into evidence] came from the rogues gallery, and the lower court states in its opinion that there were absolutely no markings on the pictures of any kind which would show their use." (at 199) This indicates it is not the fact that the pictures are from the police files that makes them objectionable per se, but that the jury may recognize them as such and be prejudiced against the defendant by the knowledge that he has had previous contact with the police. Where there are, however, no markings on the photograph to indicate their source, as in *Luccitti*, the rationale underlying exclusion disappears. This is not the situation in the case at bar, for the exhibit in controversy is quite clearly recognizable for what it in fact is—a rogues gallery photograph. In *Commonwealth v. Burdell*, 380 Pa. 43, 110 A. 2d 193 (1955), a

picture similar to that in the instant case was introduced into evidence showing a card or plate attached to defendant's coat lapel with an inscription disclosing that the photograph came from the Allegheny County Detective Bureau. The court there held, "Even if there was any proper purpose in the offer of the photograph into evidence it was certainly improper not to delete the matter printed thereon, because the jury would necessarily be prejudiced by disclosure of the fact that defendant had been charged years before with the commission of another crime." (at 51) See also *Commonwealth v. Duca,* 312 Pa. 101, 165 Atl. 825 (1933), where defendant was identified by a witness from three photographs: one rogues gallery photograph, one enlargement of it and one similar to the first two but absent the number and criminal record included on the previous two. The first two were excluded from the jury as too prejudicial, although the *witnesses* were entitled to make their identification therefrom.

The Commonwealth next contends that there can be no prejudice resulting from the introduction of the controverted exhibit because the defendant testified personally as to his past contacts with the police. Appellant alleges that this testimony was given in an attempt to eliminate the harm resulting from the admission of the photograph by showing that his experience with the police occurred several years in the past and was minor in nature. This cannot be held to cure the defect.

The judgment of the court below is reversed and a new trial is granted.

WRIGHT, J., would affirm on the opinion of Judge KURTZ of the court below.