Commonwealth *v.* Choice, Appellant.

Argued September 18, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Albert H. Branson,* Assistant Defender, with him *John W. Packel* and *Melvin Dildine,* Assistant Defenders, and *Herman I. Pollock,* Defender, for appellant.

*Martin A. Heckscher,* Assistant District Attorney, with him *Alan J. Davis,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 21, 1967: Judgment of sentence affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:

Appellant, Mackey Choice, was convicted of burglary, aggravated robbery and conspiracy. The convic-

tion arose out of a charge that he had robbed the Citizen's and Southern Bank of Philadelphia. I would order a new trial for the following reasons:

I. The court erred in admitting testimony concerning an out-of-court identification of appellant.

The record reflects that while appellant was being questioned at police headquarters two witnesses were brought into the interrogation room and observed a portion of the interrogation. Appellant was then ordered to stand up, turn around and face the witnesses who were then asked: "Is this the one?" Appellant was, at that time, the only possible suspect in the room.

In my opinion the above circumstances were so unnecessarily suggestive and conducive to irreparable mistaken identification as to deny appellant the protection of due process of law under the Fourteenth Amendment.

I recognize that the absence of counsel at this confrontation does not conflict with the constitutional right to counsel at a lineup, or other identification proceeding, in general. See *U. S. v. Wade,* 388 U. S. 218 (1967), and *Gilbert v. California,* 388 U. S. 263 (1967). This is because the Supreme Court, in *Stovall v. Denno,* 388 U. S. 293 (1967), held that the rule is not retroactive and would not apply to the confrontation in this case which occurred many months earlier.

The Supreme Court in *Stovall* specifically recognized, however, that notwithstanding the nonretroactivity of the rule, the prejudicial circumstances of the confrontation might constitute a denial of due process of law.

The Court stated: "We turn now to the question whether petitioner, although not entitled to the application of Wade and Gilbert to his case, is entitled to relief on his claim that in any event the confrontation conducted in this case was so unnecessarily suggestive and conducive to irreparable mistaken identification

that he was denied due process of law. This is a recognized ground of attack upon a conviction independent of any right to counsel claim. Palmer v. Peyton, 359 F. 2d 199 (C.A. 4th Cir. 1966). *The practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned."* (pp. 301-2) [Emphasis added]

The court further recognized that "a claimed violation of due process of law in the conduct of confrontation depends on the totality of the circumstances surrounding it."

In *Stovall,* the police had rushed the suspect to the hospital bed of one of the victims. The victim at that time was in critical condition and no one knew how long she might live. The Supreme Court concluded, therefore, that the immediate identification was "imperative" and affirmed the conviction.

In the instant case, however, there was no necessity for an immediate presentation of the appellant singly to the witnesses. The police, in this case, should have followed the standard procedure of allowing him to appear in a lineup with others. Nor was there any justification in allowing them to witness his interrogation. All of these circumstances were grossly suggestive of guilt. In my opinion, the identification procedure followed here was so seriously prejudicial as to constitute a deprivation of the required standards of due process under the Fourteenth Amendment.

II. The trial court erred in permitting the prosecution to make reference to appellant's arrest at his parole office.

At the time of trial, appellant testified that he had two dollars in his pocket when he was arrested, twelve days after the bank robbery which netted $39,000.00. The Commonwealth, on cross-examination, countered by asking defendant where he was arrested. The purpose of this question, ostensibly, was to suggest that it

was highly unlikely that appellant would have any large portion of the proceeds upon his person in the parole office where he was arrested. The court allowed this question over objection by defense counsel.

The basis of appellant's argument is that this testimony would suggest that he had a prior criminal record. The lower court and Commonwealth both conclude that this testimony flowed unpremeditated from the nature of the questions asked by the defendant himself and, moreover, that "nothing was disclosed but his mere presence, he may have been there with a friend, brother, as a sponsor or an employee, or delivering coffee."

The rule is well established that an accused may not be required to answer any question tending to show that he has been charged with or convicted of any offense.

In my opinion, the purpose for which the Commonwealth purportedly sought to elicit this testimony, i.e., that appellant would not carry money into the parole office, was both remote and speculative. This evidence, however, was highly suggestive of a criminal record, and, in my opinion, the court abused its discretion in admitting it for its insignificant probative value. Indeed, the District Attorney, in his closing remarks to the jury, again made reference to the place of arrest to the extent that the court felt obliged to warn the jury to ignore such statements. This again would suggest that the District Attorney valued this testimony more for the unpermissible inference of prior conviction than for the avowed purpose which the Commonwealth now presents.

Had the District Attorney openly stated to the jury that appellant had a prior criminal record, no warning or admonition by the judge could rectify this prejudice. In my opinion, the repeated references to appellant's arrest at the parole office were tantamount to a refer-

ence to prior conviction which could not be corrected by admonition to the jury.

I would vacate the judgment of sentence and order a new trial.

————

DISSENTING OPINION BY SPAULDING, J. :

I join in the dissenting opinion of Judge HOFFMAN. An opinion has been filed in our Court today in *Commonwealth v. Trowery,* 211 Pa. Superior Ct. 171, 235 A. 2d 171[2], wherein we determine that a "rogues gallery" photograph may not be admitted at trial for purposes of identification when the effect may be to predispose the minds of jurors to believe the defendant guilty by virtue of previous police contact. The same reasoning would apply in the instant case where, during the trial, references were made in the presence of the jury to defendant's arrest at his parole office. The subsequent admonition of the court to ignore the reference could not possibly erase from the minds of the jurors the prejudice previously created.