Commonwealth *v.* Jamison, Appellant.

380

Argued September 8, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*I. Leonard Hoffman,* with him *Ettinger, Poserina, Silverman, Dubin, Anapol & Sagot,* for appellant.

*James D. Crawford,* Assistant District Attorney, with him *Taras M. Wochok,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., November 12, 1969:

Appellant Thaddeus Jamison appeals his conviction on October 7, 1966, in the Court of Common Pleas of Philadelphia County by a jury on a charge of aggravated assault and battery for which he was sentenced to serve 18 months to 3 years in a state prison. He

was acquitted of other charges. At trial, the Commonwealth introduced identification testimony in the form of a statement made by the victim Edward DeJesus. In the statement DeJesus identified appellant by police photographs with criminal file numbers on them.

Appellant alleges that he was constitutionally prejudiced by this reference to the jury of the police photographs. Immediately after the reading of the statement, upon request of defense counsel, a side bar conference was held by the court, the District Attorney and defense counsel. Counsel presented objections to the reference to photographs identified by numbers. It was agreed that the arresting officer would be recalled and explain to the jury that the photographs were taken at the time of arrest in the instant case. This was done. The question before us is whether this limited explanation vitiated the prejudice already incurred against appellant. We think not. *Commonwealth v. Trowery,* 211 Pa. Superior Ct. 171, 235 A. 2d 171 (1967), stands for the principle that whenever the jury may infer from any testimony that the accused has a prior criminal record, such testimony is prejudicial and its admission is ground for a new trial. We stated at 174: "It is not the fact that the pictures are from the police files that makes them objectionable per se, but that the jury may recognize them as such and be prejudiced against the defendant by the knowledge that he has had previous contact with the police." In *Commonwealth v. Allen,* 212 Pa. Superior Ct. 314, 242 A. 2d 901 (1968), reference to "mug shots" was held to be prejudicial error requiring a new trial. In that case where the Commonwealth contended that the likelihood of prejudice was vitiated by the fact that only mention of the "mug shots" was made and that they were not actually admitted, was held to be without merit.

It is patent that in the instant case the subsequent explanation made by the Commonwealth witness could not remove the prejudice already created in the minds of the jurors.

Reversed and remanded for new trial.

WRIGHT, P. J., would affirm the judgment of sentence of the court below.