Commonwealth *v.* Bruno, Appellant.

Argued June 10, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

408

*Stephen A. Zappala,* with him *Zappala & Zappala,*
for appellant.

*Carol Mary Los,* Assistant District Attorney, with
her *Charles B. Watkins,* Assistant District Attorney,
and *Robert W. Duggan,* District Attorney, for Com-
monwealth, appellee.

OPINION BY HOFFMAN, J., November 13, 1969:

This case presents a fact situation identical in all
material respects to that present in *Commonwealth v.
Allen,* 212 Pa. Superior Ct. 314, 242 A. 2d 901 (1968).

Appellant was tried for aggravated assault and bat-
tery and assault with intent to ravish. At trial, the
prosecutrix testified, over defense objection, that sev-
eral days after she was attacked she had identified
appellant as her assailant. This identification resulted
from her viewing seven or eight photographs of differ-
ent persons which the police displayed to her in her
home.

Subsequently, the Commonwealth called a police de-
tective who also testified that he and his partner had
visited the prosecutrix in her home and displayed seven
photographs to her for identification purposes. He was
followed to the stand by the prosecutrix's father who

also testified that the police had shown his daughter several photographs for identification purposes.

In this appeal, appellant maintains that he was prejudiced by the jury being informed, over his objection, that the initial identification of him was from photographs presented to the prosecutrix by the police. Specifically, he urges that this testimony served to inform the jury that he had a criminal record.

The lower court itself recognized the validity of that argument, but held that *Commonwealth v. Trowery*, 211 Pa. Superior Ct. 171, 235 A. 2d 171 (1967), did not render such testimony inadmissible. The court stated: "The photographs themselves were excluded for the reason that we concluded that the jury might believe that the one of the defendant had been taken when he was in police custody. However, we believe that it was entirely relevant to prove the fact of identification from a photograph because it was important for the jury to know why this defendant had been charged with a crime."

This argument, however, was explicitly rejected in *Commonwealth v. Allen*, supra, which relied on *Trowery*. In *Allen*, the Commonwealth also attempted to justify a witness' reference to mug shots. The Commonwealth argued that since the defendant intended to rely upon an alibi, it was necessary to use " 'every means at its disposal in an effort to establish with the utmost certainty the identity of the defendant.' " *Commonwealth v. Allen*, supra at 319. The identification of the defendant in *Allen* from the mug shots, it was argued, was added proof that the identifying witness was certain of his testimony. Judge SPAULDING, speaking for the majority, said the prejudice from reference to mug shots outweighed any possible relevance it may have had.

"It is almost too axiomatic to repeat the well-established common law rule that, in a criminal prose-

cution, proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged. Shaffner v. Commonwealth, 72 Pa. 60, 13 Am. Rep. 649 (1872); Commonwealth v. Burger, 195 Pa. Superior Ct. 175, 171 A. 2d 599 (1961). The purpose of this rule is to prevent the conviction of an accused for one crime by the use of evidence that he has committed other unrelated crimes, and to preclude the inference that because he has committed other crimes he was more likely to commit that crime for which he is being tried. The presumed effect of such evidence is to predispose the minds of the jurors to believe the accused guilty, and thus effectually to strip him of the presumption of innocence." *Commonwealth v. Trowery,* supra at 173-174.

The instant case is governed by the rationale of *Allen* and *Trowery.* The prosecutrix, on direct examination, was positive of her identification of appellant. She had a clear view of him when allegedly he was two feet from her and when he was attacking her. Her testimony was unshaken on cross-examination. Thus, the fact that she had identified appellant from a group of photographs added little to her testimony. Clearly, the inference of a criminal record and the resulting prejudice far outweighed that little relevance.

It should be noted, moreover, that the prosecutrix testified that she identified appellant from a group of photographs in her *direct* testimony and in fact, prior to her in-court identification. Thus, she referred to photographs when her identification of appellant was still unshaken by any cross-examination, when there was no need to bolster it further. Furthermore, cross-examination did not weaken the identification. Indeed, the Commonwealth found no need for redirect examination in order to bolster her. In light of these

facts, that the prosecutrix identified appellant from a group of photographs was irrelevant.

In view of the possible prejudice arising from the reference to photographs and the irrelevance of such testimony, the judgment of sentence must be vacated.

Judgment of sentence of the Court of Oyer and Terminer and General Jail Delivery of Allegheny County is vacated and a new trial is ordered.

WRIGHT, P. J., and JACOBS, J., would affirm on the opinion of GRAFF, P. J.