## Commonwealth *v.* Bonnano, Appellant.

Argued December 12, 1969. Before WRIGHT, P. J., MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ. (WATKINS, J., absent).

*F. Emmett Fitzpatrick, Jr.,* for appellant.

*James D. Crawford,* Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., March 19, 1970:

In *Commonwealth v. Trowery,* 211 Pa. Superior Ct. 171, 235 A. 2d 171 (1967), photographs of the defendant from a police file commonly known as the "rogues gallery" were introduced into evidence over timely objections. This Court held that admission to be reversible error. As we stated in *Trowery,* the well established common law rule is that, ". . . in a criminal prosecution, proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged. Shaffner v. Commonwealth, 72 Pa. 60, 13 Am. Rep. 649 (1872); Commonwealth v. Burger, 195 Pa. Superior Ct. 175, 171 A. 2d 599 (1961)." See also, *Commonwealth v. Allen,* 212 Pa. Superior Ct. 314, 242 A. 2d 901 (1968).

The purpose of this rule is to prevent the conviction of an accused for one crime by the use of evidence that he has committed other unrelated crimes and to preclude the inference that because he has committed other crimes he was more likely to commit the crime for which he is being tried.

In the instant case, Officer Barbera testified that he arrested appellant, Frank Bonnano, while appellant was in a federal prison. In *Commonwealth v. Choice,* 211 Pa. Superior Ct. 176, 235 A. 2d 173 (1967), in a dissenting opinion to a per curiam affirmance, it was stated that evidence could not be admitted at trial which might have the effect of predisposing the jurors to believe the defendant guilty by virtue of previous police contact. 211 Pa. Superior Ct. at 180. In that case, the jury heard testimony that the defendant was arrested "at his parole office." The dissent reasoned that *Trowery* required that a new trial be granted. The testimony in the instant case that appellant was arrested while in federal prison violates the principles of *Trowery.*

The judgment of sentence is vacated and a new trial is granted.

WRIGHT, P. J., would affirm on the opinion of Judge BARBIERI.

JACOBS, J., dissents.