Commonwealth *v.* Keeler, Appellant.

Argued November 11, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Michael J. Wherry,* for appellant.

*Robert F. Banks,* Assistant District Attorney, with him *Edward M. Bell,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 19, 1970:

Appellant was charged with possession of a firearm in violation of the Uniform Firearms Act, Act of June 24, 1939, P. L. 872, §628, as amended, 18 P.S. §4628. After several proceedings relative to the case, appellant was removed from the Mercer County Jail and transferred, first to the Crawford County Jail, then to the Western Diagnostic and Classification Clinic in Allegheny County. Late in the evening before trial, he was returned to the Mercer County Jail. He was clothed, at the time, in the uniform supplied by the Allegheny County Clinic. At 11:00 a.m. the next morning, the public defender was notified that appellant was to be ready for trial. The defender attempted to secure civilian clothes for appellant. They also contacted appellant's sister to bring such clothes if available. When such clothes failed to arrive, the public defender moved to continue the case. The court overruled the motion.

At 1:55 p.m., the court, over counsel's objections, ordered appellant into the courtroom in front of the

jury panel. He sat there while the jury was selected. At 2:30 p.m., or shortly thereafter, civilian clothes arrived. Appellant thereupon changed his attire. He moved that the jury be disqualified before they were sworn. The motion was overruled. Appellant was convicted, and from judgment of sentence he brings this appeal.

A photograph was taken of appellant in the attire he was required to wear before the jury. It is the kind of attire that, with the advent of movies and television, is easily recognized by the general public as the clothes commonly worn by prisoners. Since appellant objected to being presented in such a manner, we hold that the question is properly before this Court whether reversible error was committed by the trial court.[1]

Under our system of criminal justice, defendants are presumed innocent until proven guilty. The burden is on the state to bring forth evidence to overcome that presumption and to prove defendant guilty beyond a reasonable doubt. Such evidence, however, must be competent and probative. It cannot rely for its value upon prejudice and fear. It cannot insinuate without rationale. See, e.g., *Commonwealth v. Trowery*, 211 Pa. Superior Ct. 171, 235 A. 2d 171 (1967); *Commonwealth v. Bruno*, 215 Pa. Superior Ct. 407, 258 A. 2d 666 (1969).

A defendant in prison garb gives the appearance of one whom the state regards as deserving to be so attired. It brands him as convicted in the state's eyes. It insinuates that the defendant has been arrested not

---

[1] See *Claxton v. People*, 164 Colo. 283, 434 P. 2d 407 (1967); *Timmons v. State*, 223 Ga. 450, 156 S.E. 2d 68 (1967); *Sharpe v. State*, 119 Ga. App. 222, 166 S.E. 2d 645 (1969); *People v. Shaw*, 381 Mich. 467, 164 N.W. 2d 7 (1969); *French v. State*, 416 P. 2d 171 (Okl. Cr. 1966); *Watt v. State*, 450 P. 2d 227 (Okl. Cr. 1969). Compare *People v. Shaw*, supra (dissenting opinion).

only on the charge being tried but also on other charges for which he is being incarcerated.

Similar conclusions have been reached by other jurisdictions. In *Collins v. State,* 70 Okl. Cr. 340, 106 P. 2d 273 (1940), the court said: "However apparent the guilt of the defendant might have been, he is still clothed with the presumption of innocence and is entitled upon his trial to wear his civilian clothes." 106 P. 2d at 279. Several courts have amplified this statement by saying that prison garb is not the kind of competent and probative evidence admissible to overcome the presumption. Judge JOSEPH LORD, III, has said: "Unnecessary portrayal of a defendant as a criminal may indeed constitute fundamental unfairness. [Citations omitted.] In those [cited] cases . . . the appearance of the defendant before the jury otherwise than as a presumptively innocent citizen *served no probative purpose." United States ex rel. O'Halloran v. Rundle,* 266 F. Supp. 173, 174 (E.D. Pa. 1967), aff'd, 384 F. 2d 997 (3d Cir.), cert. denied, *sub nom. O'Halloran v. Rundle,* 393 U.S. 860, 89 S. Ct. 138 (1968) [Emphasis added.] Judge RIVES has said: "It is inherently unfair to try a defendant for crime while garbed in his jail uniform, especially when his civilian clothing is at hand. No insinuations, indications, or implications suggesting guilt should be displayed before the jury, other than admissible evidence and permissible argument." *Brooks v. Texas,* 381 F. 2d 619, 624 (5th Cir. 1967). See *Shultz v. State,* 131 Fla. 757, 179 So. 764 (1938). Cf. *United States ex rel. Diamond v. Social Service,* 263 F. Supp. 971 (E.D. Pa. 1967) (Judge JOHN LORD, JR.).[2]

---

[2] Another federal district judge has concluded as follows: "To force a defendant, against his will, to stand trial before a jury dressed in striped prison garb is the very antithesis of the 'garb of innocence' and hence is, in the opinion of this court, a deprivation of the due process of law guaranteed by the Fourteenth Amend-

The wearing of prison garb in the courtroom also demeans the defendant in his own mind. It makes him feel that, although presumed to be innocent, he has already lost his dignity by the very fact of arrest and charge. It separates him from the ordinary defendant who may appear in his best "Sunday suit" and fittings. The defendant is thereby placed in a psychological, emotional disadvantage.

This consideration has been recognized by the Colorado Supreme Court. In *Eaddy v. People,* 115 Colo. 488, 174 P. 2d 717 (1946), the court reviewed the conviction of a defendant who was required to appear in the courtroom attired in his prison uniform with the words "County Jail" lettered thereon. In reversing, the court said: "We believe the mind of a prisoner would be as much disturbed and his mental faculties as much confused and embarrassed by carrying on his person such brand of incarceration [the uniform bearing the words 'County Jail'], as here required, as by physical shackles, and that a prejudice against a prisoner might equally well be created thereby in the minds of the jurors. It is difficult to find any distinction, as to the humiliation involved, between requiring a prisoner to wear the words 'County Jail' branded upon his clothing and requiring him to wear them on a placard attached about his neck; either is a mockery, an indignity and a humiliation not consonant with innocence and freedom. The presumption of innocence requires the garb of innocence, and regardless of the ultimate outcome, or the evidence awaiting presentation, every defendant is entitled to be brought before the court with the appearance, dignity, and self-respect of a free and innocent man, except as the necessary safeguard and decorum of the court may otherwise re-

___

ment to the Constitution of the United States." *Dennis v. Dees*, 278 F. Supp. 354 (E.D. La. 1968).

quire." 174 P. 2d at 718-719. See also *Commonwealth v. Reid,* 123 Pa. Superior Ct. 459, 467-468, 187 A. 263 (1936).

No purpose was served by requiring appellant to appear in his prison garb. It only prejudiced the jury against him and demeaned him before conviction. The court abused its discretion by not continuing appellant's case and proceeding with the trial of another. If there were no others conveniently available to try, the court itself should have procured civilian attire for appellant. In no case, should appellant have undergone the severe prejudice of appearing before the jury as this man was required.

Judgment of sentence is vacated and a new trial is ordered.

WATKINS, MONTGOMERY, and JACOBS, JJ., concur in the result.

WRIGHT, P. J., would affirm on the opinion of Judge ACKER.