Commonwealth *v.* Taylor, Appellant.

Submitted December 7, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*William P. Stewart* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Deborah E. Glass* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., April 15, 1971:

Appellant, Milton Taylor, was tried by a jury on October 10, 1969, and found guilty of aggravated robbery. A motion for a new trial was filed, argued and denied. On June 18, 1970, Milton Taylor was sentenced to a term of not less than 4 nor more than 10 years. This appeal to the Superior Court followed.

The prosecuting witness, Morris Katz, testified that on July 12, 1968, he drove to the Provident National Bank at 5th and Spring Garden Streets, Philadelphia, to make a deposit in the bank. He parked the car and while walking to the bank from the parking lot with the deposit package containing about $2,000.00 in cash and checks, he was grabbed and assaulted by three men in an attempt to rob him of the deposit. Mr. Katz identified Milton Taylor as one of the three men involved in the assault.

Captain Alphonso Giordano of the Philadelphia Police Department testified that he was cruising in the vicinity of the bank at the time in an unmarked police car and saw the attempted robbery. He was able to capture one of the attackers and identified Milton Taylor as one of the other two men who fled in a tan Pontiac automobile.

Captain Giordano testified that following the incident, he conducted an investigation and traced the Pontiac automobile to a Milton Taylor. He then testified that he sent for all of the "mug shots" of every Milton Taylor.

Counsel for appellant, Milton Taylor, objected to the reference to "mug shots" and made a motion for a mistrial, which was denied. The refusal of the trial judge to grant a mistrial was the subject of appellant's motion for a new trial and is the principle issue involved in this appeal.

Appellant contends that the mere reference to "mug shots" of every Milton Taylor in the Police Chief's testimony, tended to show that this appellant was guilty of the commission of other crimes and offenses at other times and, therefore, a new trial must be granted.

No mug shots were offered into evidence, in fact it was never stated that mug shots of appellant were in existence or viewed to identify or apprehend appellant. The trial court instructed the jury to disregard any testimony regarding mug shots.

This case can be distinguished from those relied upon by appellant, i.e.: *Commonwealth v. Trowery*, 211 Pa. Superior Ct. 171, 235 A. 2d 171 (1967), where mug shots were introduced into evidence; *Commonwealth v. Free*, 214 Pa. Superior Ct. 492, 259 A. 2d 195 (1969), where the name of the defendant was tried for two different crimes during the same term by the same panel of jurors; *Commonwealth v. Jamison*, 215 Pa. Superior Ct. 379, 258 A. 2d 529 (1969), where police photographs were used at trial by victim for identification; *Commonwealth v. Bruno*, 215 Pa. Superior Ct. 407, 258 A. 2d 666 (1969), where a witness testified she identified defendant from police photographs of him; *Commonwealth v. Allen*, 212 Pa. Superior Ct. 314, 242 A. 2d 901 (1968), where a witness testified the defendant

was identified from a "mug shot"; *Commonwealth v. Bonnano*, 216 Pa. Superior Ct. 201, 263 A. 2d 913 (1970), where a policeman testified he arrested the defendant while he (Bonnano) was in Federal Prison.

We quote with approval the following portion of the able opinion of Judge KLEIN of the court below:

"When a defendant takes the witness stand in his own defense, he assumes the same status as that of any witness and his credibility is placed in issue. The Commonwealth may therefore, by way of rebuttal evidence, introduce testimony as to his prior record of convictions of felonies or misdemeanors in the nature of *crimen falsi* for the limited purpose of affecting his credibility: Commonwealth v. Scoleri, 432 Pa. 571 (1968); Commonwealth v. Peterman, 430 Pa. 627 (1968); Com. ex rel. Sprangle v. Maroney, 423 Pa. 589 (1967).

"The defendant knew that his record of previous arrests would be admissible in evidence if he took the witness stand in his own behalf. In spite of this, he elected to testify. By so doing, whatever inferences may have been drawn by the jury from the inadvertent reference to 'mug shots' became unimportant because his previous criminal record was properly made part of the record of the trial. Moreover, it is quite clear in the present case that the defendant took the witness stand, not to explain away previous encounters with the law, but to make a complete denial of his participation in the crime with which he was charged (N.T. p. 142). At no point in the course of his testimony does he refer to his prior record. We believe his failure to do so takes this case outside the scope of Commonwealth v. Trowery, supra.

"With the ever-increasing crime rate in the metropolitan areas of the United States and the ever-growing back-log of criminal cases, the administration of

criminal law is becoming a matter of extreme concern to our citizens. The prompt disposition of criminal cases is of crucial importance. Although the rights of defendants must be zealously guarded, mistrials should not be declared lightly. In the present case, had the defendant not taken the witness stand the reference by Captain Giordano to 'mug shots' may well have been the basis for granting a new trial. However, the decision to take the witness stand was the defendant's and having testified, his demand for a new trial must be denied.

"The evidence against the defendant was overwhelming and a study of the record discloses clearly that the error was harmless beyond a reasonable doubt and did not taint the trial to constitute prejudice to the defendant. See Chapman v. California, 386 U.S. 18, 87 S. Ct. 824 (1967). For an interesting discussion of the subject generally, see 'Basic and Fundamental Error' by Richard Dean Winters, 43 Temple Law Quarterly 228."

Judgment affirmed.

JACOBS, J., concurs in the result.

---

DISSENTING OPINION BY SPAULDING, J.:

I respectfully dissent.

I believe the instant case is governed by the principles enunciated in *Commonwealth v. Trowery*, 211 Pa. Superior Ct. 171, 235 A. 2d 171 (1967) and *Commonwealth v. Allen*, 212 Pa. Superior Ct. 314, 242 A. 2d 901 (1968). In *Trowery*, we stated: "It is almost too axiomatic to repeat the well-established common law rule that, in a criminal prosecution, proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged.

The purpose of this rule is to prevent the conviction of an accused for one crime by the use of evidence that he has committed other unrelated crimes, and to preclude the inference that because he has committed other crimes he was more likely to commit that crime for which he is being tried. The presumed effect of such evidence is to predispose the minds of the jurors to believe the accused guilty, and thus effectually to strip him of the presumption of innocence."

This statement has been cited with approval by this Court on numerous occasions. See *Commonwealth v. Allen*, supra; *Commonwealth v. Jamison*, 215 Pa. Superior Ct. 379, 258 A. 2d 529 (1969); *Commonwealth v. Bruno*, 215 Pa. Superior Ct. 407, 258 A. 2d 666 (1969); *Commonwealth v. Bonnano*, 216 Pa. Superior Ct. 201, 263 A. 2d 913 (1970); *Commonwealth v. Wilson*, 216 Pa. Superior Ct. 203, 263 A. 2d 762 (1970).

In its attempt to distinguish the instant case from *Trowery* and *Allen*, the majority apparently relies on the consideration that "mug shots" of appellant were never in fact introduced into evidence and were only referred to in the testimony of a Commonwealth witness.[1] However, *Allen*, in a similar situation, specifically refuted this contention and held *Trowery* controlling. In *Allen*, as in the instant case, the "mug shots" were never directly introduced into evidence. Nevertheless, this Court held that: "The Commonwealth's position that the likelihood of prejudice is vitiated by the fact that only *mention* of the mug shots was made rather than their actual admission is demonstrably unresponsive to the dangers with which the rule excluding such evidence deals." at 317. (Emphasis in

---

[1] The reference to "mug shots" was made by Captain Giordano of the Philadelphia Police Department. The relevant portion of his testimony was as follows: "As a result of that [investigation] I sent for all the mug shots of every Milton Taylor."

original.) This principle has been applied by this Court on other occasions, *Commonwealth v. Bruno,* supra; *Commonwealth v. Jamison,* supra; *Commonwealth v. Bonnano,* supra; and *Commonwealth v. Free,* 214 Pa. Superior Ct. 492, 259 A. 2d 195 (1969), and in my view should govern the instant case as well.

Although the officer's testimony was not specifically to "mug shots" of appellant Milton Taylor, I cannot accept the Commonwealth's contention that this reference could only indicate to the jury "that Milton Taylor is a rather common name and that there are a lot of Milton Taylors." Rather, I believe that the very reference to "mug shots" of any Milton Taylor was sufficiently prejudicial to warrant the granting of a new trial.

In extensively quoting from the opinion of the lower court, the majority evidently relies on the fact that subsequent to the prejudicial statement, appellant took the stand in his own defense, at which time the Commonwealth introduced his criminal record as proof of *crimen falsi.* I cannot agree with the majority's assertion that the prejudice to appellant was rendered harmless error by the proper disclosure of appellant's record in connection with his credibility. Such reasoning totally ignores the probability that appellant's decision to take the stand was motivated in part by his desire to neutralize the effect of the prejudicial reference.

I would vacate the judgment of the court below and grant a new trial.

HOFFMAN, J., joins in this dissenting opinion.