## Commonwealth v. McFeaters

*Frances S. Palmer,* District Attorney, for Commonwealth.

*John J. Regule,* for defendant.

ACKER, J., March 7, 1973.—Defendant has been convicted of operating a motor vehicle without a license. He has moved for a new trial and in arrest of judgment. Although numerous reasons are advanced in the motions only one is briefed and argued.

Did the court commit prejudicial error in permitting the district attorney to question the defendant concerning the last time he drove a motor vehicle prior to the date of the arrest?

It is the contention of defendant that the jury was so prejudiced against him by the repeated questioning of the district attorney over objection as to the last time he drove prior to November 19, 1971, that the jury was predisposed to find him guilty and thus, it is claimed, stripped him of his presumption of innocence so as to deny him due process of law.

At the outset of this trial, counsel approached sidebar with a stipulation that defendant was under suspension on the date that the offense allegedly occurred. This stipulation was engendered by a three-page certification from the Department of Motor Vehicles that defendant had been charged with 23 previous offenses and 13 suspensions, the last becoming effective on July 19, 1977. Because of the risk of prejudicing

defendant, the district attorney was willing to stipulate, and defendant agreed, that the jury would not be given the exhibit. At the sidebar session at the commencement of the trial, counsel for defendant, when the stipulation was discussed further, stated: "We admit he drove in by the pumps." On direct examination defendant, testifying on his own behalf, stated that he and his brothers were out spotting deer on the night of this occurrence. He claimed his brother, Roger, was driving and he made inquiry as to the amount of gas. The response was that the tank was almost empty. Defendant then testified that the gas gauge was not correct on the car so he told Roger that, because they were not far from Route No. 19, they should drive over to the gas station and get gas. Defendant admitted that he drove the vehicle some distance at least upon station property. Unfortunately, he struck the motor vehicle of the chief witness against him, Michael Edward Staples, who had been stopped for gas. Staples saw fit to call the Pennsylvania State Police and defendant and his brothers attempted to forcibly prevent him from doing so by surrounding him while in the gas station, grabbing the receiver and placing it back before he had a chance to make his connection with the police. Finally, they all jumped into defendant's car and drove away without identification. Unfortunately, the indictment was not for failure to reveal identification but for failure to stop as well as driving upon a public highway without a license. In that the indictment was ill founded, the court granted a dismissal as to the second count. Defendant does not now contend that there was insufficient evidence upon which to convict him of operating a motor vehicle upon a public highway, rather, that the cross-examination of the district attorney caused the jury to be predisposed to find him guilty. The question which

precipitated the contention on cross-examination was, "When was the last time you drove this car prior to November 19, 1971, Mr. McFeathers?"[1] Defense counsel's objection was that the matter was not relevant. The court overruled the motion in that one who operates a car normally knows whether or not the gauge is working. Defense counsel then objected that it was irrelevant whether or not defendant was operating the car on any other day. The court responded that defendant could have learned the information while driving the vehicle off a public highway; that he could answer if it be true that he drove it off a public highway; or he could answer, as suggested by his own counsel, that he did not drive the car. Defendant responded that he did not operate the vehicle except, "I had operated it on private property on a service station lot." Further, that it was shortly after he bought the car for his wife in September of 1971. He was working part-time in a service station then.

It is claimed that this line of questioning "so indelibly planted, and created such potential prejudice that the defendant was effectively stripped of his inalienable right to a presumption of innocence."

Defendant relies upon two cases for the proposition that more reference to prior unrelated offenses is sufficient to win a new trial. Both are totally inapposite. Commonwealth v. McDaniel, 217 Pa. Superior Ct. 20, 268 A. 2d 237 (1970), concerns a trial list prepared by the district attorney in which defendant was charged with two unrelated crimes. Likewise, Commonwealth v. Trapp, 217 Pa. Superior Ct. 384, 272 A. 2d 512

---

[1] There was no stipulation of when the operating privileges were removed but only that defendant was not licensed to operate a motor vehicle on the day of this occurrence of November 19, 1971.

(1970), concerned a booklet showing defendant charged with other offenses submitted to a jury panel. In both occasions, new trials were awarded because of the potential prejudice created by the distribution of such information.

In the case at bar, there was no information given to the jury that defendant had been convicted at any other time of previous offenses. That was the very purpose of the stipulation. Even if defendant had answered that he had driven the automobile on the public highway on other occasions, there was no evidence that that was illegal, for there was no stipulation that he had lost his operating privileges at any particular time other than on the day of this occurrence. But even more, he testified that he did not operate his motor vehicle upon the public highway but, rather, learned of the defective gauge through driving the automobile on filling station property where he worked. To give credence to defendant's proposition requires an assumption that defendant perjured himself and did operate his motor vehicle on the public highway. Not only is there no evidence that he perjured himself, but his working in a gas station gives an explanation of why he might be operating the vehicle on private property. Defendant has failed to supply grounds for a new trial, and this court knows of no case where a new trial was awarded simply because a defendant who took the stand was asked a question on cross-examination, the answer to which may have been perjured.[2] There

---

[2] There are many cases in the past several years where the Superior Court has appeared to rule that the mere involvement in a criminal justice system is sufficient to require the granting of a new trial. In rogues' gallery or police photograph cases, new trials have resulted in Commonwealth v. Bruno, 215 Pa. Superior Ct. 407, 258 A. 2d 666 (1969); Commonwealth v. Allen, 212 Pa. Superior

is no admission by brief, or otherwise, that the answer of defendant was anything but truthful. This court does not believe that there was error in permitting the cross-examination for a legitimate purpose to test credibility, nor that defendant was prejudiced.

Wherefore, the motion for a new trial and the motion in arrest of judgment are both denied.

## ORDER

And now, March 7, 1973, defendant's motion in arrest of judgment and defendant's motion for a new trial are both denied.

---

Ct. 314, 242 A. 2d 901 (1968); Commonwealth v. Trowery, 211 Pa. Superior Ct. 171, 235 A. 2d 171 (1967); and Commonwealth v. Jamison, 215 Pa. Superior Court 379, 258 A. 2d 529 (1969).

Likewise, in cases where evidence disclosed involvement of previous contact with the criminal justice system: Commonwealth v. Keeler, 216 Pa. Superior Ct. 193, 264 A. 2d 407, U.S. cert. den. 400 U.S. 957 (1970), involving "prison garb." Commonwealth v. Bonnano, 216 Pa. Superior Ct. 201, 263 A. 2d 913 (1970), where the evidence disclosed defendant was arrested in the Federal penitentiary. Commonwealth v. Free, 214 Pa. Superior Ct. 492, 259 A. 2d 195 (1969). However, a new trial was not granted in all cases under such circumstances. Commonwealth v. Savor, 180 Pa. Superior Ct. 469, 119 A. 2d 849 (1956), where a witness stated he first met defendant in the penitentiary; Commonwealth v. Wable, 382 Pa. 80, 114 A. 2d 334 (1955), where evidence that defendant was arrested in New Mexico for grand larceny and that a criminal complaint was filed against him for robbing a cash register there was worthy of only a footnote with the comment that the evidence was "merely to explain how defendant came to be identified and apprehended and was admissible for that purpose."