J-A08039-26

2026 PA Super 134

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EUSEBIO SERGIO RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 1505 EDA 2025 |

Appeal from the Judgment of Sentence Entered May 14, 2025
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0001563-2021

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and KING, J.

OPINION BY PANELLA, P.J.E.:                                **FILED JUNE 23, 2026**

Eusebio Sergio Rodriguez appeals from the judgment of sentence entered in the Court of Common Pleas of Monroe County for his convictions of indecent assault person less than 13 years of age, 18 Pa.C.S.A. § 3126(a)(7), and corruption of minors, 18 Pa.C.S.A. § 6301(a)(1)(i). Rodriguez argues that the trial court erred by denying his motion for a mistrial where a witness mentioned that Rodriguez was incarcerated in violation of the trial court's pretrial order granting his motion *in limine*, and by sustaining the Commonwealth's objection that his question on recross-examination went beyond the scope of redirect. After careful review, we affirm.

We glean the following from the certified record. In 2021, Rodriguez was charged with aggravated indecent assault of a child, 18 Pa.C.S.A. § 3125(b); unlawful contact with a minor—sexual offenses, 18 Pa.C.S.A. § 6318(a)(1); indecent assault person less than 13 years of age, 18 Pa.C.S.A. § 3126(a)(7);

and corruption of minors, 18 Pa.C.S.A. § 6301(a)(1)(i), for sexually abusing his neighbor's daughter between January 22, 2010, and January 31, 2012. The matter proceeded to trial on June 24 and 25, 2024. During the trial, the Commonwealth withdrew the charge of aggravated indecent assault of a child. After the jury was unable to reach a verdict, the trial court declared a mistrial.

The Commonwealth retried Rodriguez. Prior to trial, the Commonwealth withdrew the charge of unlawful contact with minors. On January 6, 2025, Rodriguez filed a motion *in limine*, requesting that the trial court "preclude any testimony or presentation that informs the jury that [Rodriguez] is being held in custody." Motion *in Limine*, 1/6/25, at 2. The trial court granted the motion.[1] Jury selection took place on January 7, 2025, and a one day trial commenced on January 9, 2025.

At the trial, the Commonwealth called the following witnesses: (1) the victim, (2) an expert in sexual assault victim responses, and (3) the victim's aunt, who testified about the victim disclosing the abuse to her. The victim testified that when she was approximately nine or ten years old, her siblings and mother moved from New York City to Pennsylvania. Her father continued

---

[1] Although it is undisputed that the trial court granted Rodriguez's motion *in limine*, **see** N.T., 1/9/25, at 146, this order is not in the certified record provided to this Court. Although we generally cannot rely on matters *de hors* the record, because it is undisputed that the court granted the motion, we will rely on the representations of the trial court and parties as to this procedural fact. **See Commonwealth v. Greer**, 866 A.2d 433, 435 n.2 (Pa. Super. 2005) (taking judicial notice of orders that are not contained in the certified record).

to live in New York City for work. Her mother would visit her father and stay with him every other weekend. During that time, the victim and her siblings would stay at Rodriguez's house. Rodriguez was a friend of her mother's and lived two houses down from them. Rodriguez would frequently be at their house. **See** N.T., 1/9/25, at 46-50.

Notably, the victim testified that at times, she would be alone with Rodriguez at his house. **See id.** at 51. She described an incident when she was alone with him at his house when Rodriguez put his hand inside her pants and touched her vagina for five to ten minutes. **See id.** at 51-52. She testified that she never told anyone at that time because she was "scared of [her] dad." **Id.** at 52. She also testified that Rodriguez had a "ham radio room" in his house and he enticed her to go in there to use the radios and then "countless times" touched and rubbed her vagina. **See id.** at 54-55.

On cross-examination, defense counsel questioned the victim about her testifying on Rodriguez's behalf in 2013, when she was eleven or twelve years old, that he had never "touched [her] inappropriately." **See id.** at 68-70. The Commonwealth objected to counsel's characterization of her testimony, after which counsel rephrased and asked the victim whether she testified that Rodriguez had "never done anything inappropriate to [her.]" **Id.** at 71-72. Counsel also asked the victim about her testimony at the 2021 preliminary hearing and the previous 2024 trial. **See id.** at 72-82.

On redirect, the Commonwealth refreshed the victim's recollection with the transcript of her 2013 testimony regarding whether she was ever asked at that time if Rodriguez "touched [her] inappropriately." **See id.** at 88-93. On recross-examination, defense counsel asked her whether in 2013 she was asked whether she ever went to his house alone, to which the Commonwealth objected. **See id.** at 93-95. The trial court sustained the objection because the question went beyond the scope of redirect. **See id.** at 94-95.

Rodriguez called as a witness Detective Donald Scarfo, of the Pocono Mountain Regional Police Department and the affiant in this case. Relevant to this appeal, in response to defense counsel's question of "[w]hat investigation did you do to determine whether or not Mr. Rodriguez owns a firearm[;]" Detective Scarfo responded "[w]ell we executed a search warrant on his home in 2020, and he's been incarcerated—[.]" **Id.** at 144. Defense counsel moved for a mistrial on the grounds that the testimony violated the trial court's pretrial ruling. **See id.** at 144-45. The trial court denied the motion and gave the jury the following instruction:

> Ladies and gentlemen of the jury, you may have heard testimony that [Rodriguez] is incarcerated. Please know that that is not evidence before you for your consideration. It is not relevant to this case. So, please disregard that, it has no bearing on guilt or innocence and it is not a fact that you may consider at all in your deliberations or consideration of this case. I want to review with you the presumption of innocence, burden of proof, and the definition of reasonable doubt. . . .

**Id.** at 153.

The jury found Rodriguez guilty of both charges. On May 14, 2025, he was sentenced to 19 to 60 months incarceration for indecent assault person less than 13 years of age and 16 to 60 months for corruption of minors, imposed consecutively for an aggregate term of 35 to 120 months incarceration. He did not file a post-sentence motion however he filed a timely appeal. Both Rodriguez and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. *See* Pa.R.A.P. 1925(a)-(b).

Rodriguez raises two issues for our review.

> 1. Whether the trial court erred where it denied [Rodriguez's] motion for mistrial after Police-Detective witness testified that [Rodriguez] has been incarcerated, where the trial court had granted [Rodriguez's] motion in *limine* precluding presentation of evidence pertaining to [Rodriguez's] incarceration?
>
> 2. Whether the trial court erred where it sustained [the Commonwealth's] objection and prohibited [Rodriguez] from questioning the witness regarding inconsistent testimony at a prior trial for being beyond the scope of redirect examination?

Appellant's Brief, at 7 (record citations omitted).

In his first issue, Rodriguez challenges the trial court's denial of his motion for a mistrial.

> The denial of a motion for a mistrial is assessed on appellate review according to an abuse of discretion standard. It is primarily within the trial court's discretion to determine whether defendant was prejudiced by the challenged conduct. On appeal, therefore, this Court determines whether the trial court abused that discretion. An abuse of discretion is not merely an error of judgment; rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record.

*Commonwealth v. Padilla*, 923 A.2d 1189, 1192 (Pa. Super. 2007) (citations omitted).

Rodriguez argues the trial court erred in denying his motion for a mistrial because, by ruling pretrial that any reference to Rodriguez's incarceration was prohibited, the trial court determined that such evidence would be so unfairly prejudicial that it could not be addressed with a curative instruction. *See* Appellant's Brief, at 18-19. He argues that Detective Scarfo intentionally sought to introduce his incarceration, as the answer was not responsive to defense counsel's question. *See id.* at 22-26. Additionally, he argues that this case is controlled by *Padilla* which, according to Rodriguez, demonstrates that when a pretrial ruling precluding mention of a defendant's incarceration is violated such a violation is so prejudicial that prejudice cannot be mitigated by a curative instruction and therefore warrants reversal. *See id.* at 27-30.

We disagree with Rodriguez's view of *Padilla*. This Court has previously explained that *Padilla* did not create a bright line rule which requires a mistrial whenever a pretrial ruling prohibiting mention of the defendant's incarceration is violated. We have explained:

> [T]he *Padilla* Court's prejudice analysis was not limited to the fact that the pretrial ruling had precluded the at-issue testimony. [*Padilla*, 923 A.2d] at 1196. The Court also considered that the jury had overheard the side bar conference addressing the matter, the inadequacy of the curative instruction issued, and the problematic subsequent questioning by the prosecutor. Ultimately, the court found the instruction was too vague to remedy the infraction. *Id*. Accordingly, a proper application of *Padilla* should view the violation of a pretrial order prohibiting a prejudicial remark as an important factor in our analysis, but not

as an automatic determination that the error was prejudicial and a new trial must be ordered.

*Commonwealth v. Ibrahim*, 290 A.3d 674, 2022 WL 17588520, at *5-6 (Pa. Super. filed Dec. 13, 2022) (unpublished memorandum).[2] The *Ibrahim* court cited *Commonwealth v. Hudson*, 955 A.2d 1031 (Pa. Super. 2008), as an example of this policy.[3] In *Hudson*, the trial court issued a curative instruction regarding the objectionable testimony. The trial court here gave an appropriate curative instruction regarding the detective's testimony discussed above. As stated in *Hudson*, this Court has previously held that a "mere passing reference to prior criminal activity" is not prejudicial such that it requires the granting of a mistrial. *Id*. at 1034.

_____

[2] *See* Pa.R.A.P. 126(b) (non-precedential decisions filed after May 1, 2019, may be cited for persuasive value).

[3] In *Ibrahim*, on cross-examination a defense witness mentioned that the defendant was incarcerated in violation of a pretrial order precluding any mention that the defendant was incarcerated. *See Ibrahim*, 2022 WL 17588520, at *1. Initially, the trial court denied the defendant's motion for a mistrial and the jury found the defendant guilty of sexual assault but was unable to reach a unanimous verdict on the rape count. *See id.* at *2. The defendant made an oral motion for an arrest of judgment which the trial court granted. *See id.* The Commonwealth appealed. We held that the trial court erred by "misapply[ing] the holding of *Padilla* as mandating the issuance of a new trial when the Commonwealth violates a motion *in limine.*" *Id.* at *5 (citation omitted). We found that *Ibrahim* was "more in line with our decision in *Hudson*[]" because the trial court gave a clear and specific jury instruction, the remark was not deliberately elicited by the Commonwealth, the Commonwealth did not revisit the inadmissible statement, and the evidence presented by the Commonwealth was substantial. *Id.* at *6-7. Therefore, we reversed the trial court's order and remanded for reinstatement of the sexual assault verdict and sentencing. *See id.* at *7.

Instantly, the trial court explained its reasoning for denying the motion for a mistrial, as follows.

> During trial, Detective Donald Scarfo (hereinafter "Detective Scarfo") of the Pocono Mountain Regional Police Department was called to testify on behalf of [Rodriguez]. Detective Scarfo testified that he became involved in the investigation of this matter when he was on call and received a call from police headquarters regarding a complaint of sexual misconduct and a ChildLine referral sometime in 2021. (N.T. 1/9/25, pp. 122-125, 132). Prior to interviewing the victim, . . . Detective Scarfo reviewed all of the previous reports and statements in the possession of the Pocono Mountain Regional Police Department from 2012, when the original complaint was filed, until the present. (N.T. 1/9/25, pp. 125-126, 131). During Detective Scarfo's testimony, when asked by defense counsel if he conducted an investigation into whether [Rodriguez] owned a firearm, Detective Scarfo responded "[w]ell we executed a search warrant on his home in 2020, and he's been incarcerated—". (N.T. 1/9/25, p. 144). Following this response, defense counsel objected and a sidebar was held. During the sidebar, we acknowledged our Order specifically granting Defendant's Motion *in Limine* that no witnesses were to talk about [Rodriguez's] incarceration. (N.T. 1/9/25, p. 146). Defense counsel requested a mistrial. (N.T. 1/9/25, p. 147-152).

> While we acknowledge that any mention of a Defendant being in custody may prejudice a Defendant pursuant to ***Commonwealth v. Keeler***, following a brief recess in the instant matter, we denied [Rodriguez's] request for a mistrial. ***Commonwealth v. Keeler***, 216 Pa.Super. 193, 195-6 (Pa.Super.Ct. 1970). As we stated on the record, we found that Detective Scarfo did not intentionally make the comment about [Rodriguez's] incarceration. (N.T. 1/9/25, p. 151). Detective Scarfo was called by the defense, and as such, the defense was obligated to instruct Detective Scarfo of our Order granting Defendant's Motion *in Limine* regarding [Rodriguez's] incarceration. ***Id.*** We further ruled that a curative instruction was being provided to the jury. The curative instruction informed the jury that the jury may have heard testimony that [Rodriguez] may have been incarcerated, or had been incarcerated in the past, but that evidence was not to be considered in their deliberations and that evidence was to have no bearing on [Rodriguez's] guilt or innocence. (N.T. 1/9/25, pp. 151-155). We believe our ruling was appropriate, that our curative

instruction properly resolved the issue of Detective Scarfo's comment, and that a mistrial was not warranted.

Trial Court Opinion, 7/23/25, at 3-4.

We discern no abuse of discretion. As explained by the trial court, the remark was unintentional and the witness was called by Rodriguez, not the Commonwealth. Further, the trial court gave a specific and clear instruction that the jury was to disregard any mention that Rodriguez was incarcerated. *See* N.T., 1/9/25, at 153. As stated in *Hudson*, such clear and specific cautionary instructions cure any improper prejudice from an inadvertent and unforeseen reference to a defendant's prior criminal conduct. *Hudson*, 955 A.2d at 1034-35. As such, contrary to Rodriguez's assertion, *Padilla* is not controlling. The defense's own witness made an unintentional passing reference to Rodriguez being incarcerated, and the trial court gave a clear and specific cautionary instruction for the jury to disregard that testimony. Under those circumstances, we conclude that Rodriguez is not entitled to relief.

In his second issue, Rodriguez challenges the trial court limiting his question on recross-examination. "The scope of redirect examination is largely within the discretion of the trial court." *Commonwealth v. Fransen*, 42 A.3d 1100, 1117 (Pa. Super. 2012) (*en banc*) (citation omitted). "An abuse of discretion is not merely an error in judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by

the evidence of record." ***Commonwealth v. Garnett***, 328 A.3d 1181, 1186 (Pa. Super. 2024) (citation omitted).

Rodriguez asserts two grounds on which the trial court abused its discretion in limiting his recross-examination. First, he argues that the trial court misapplied the law when it only considered whether the question on re-cross was within the scope of redirect because, under Pa.R.E. 611(b), "matters affecting credibility" are always grounds for cross-examination and his question on recross-examination about prior inconsistent statements went to the victim's credibility. ***See*** Appellant's Brief, at 34-38. Second, Rodriguez argues that his question on recross was within the scope of redirect because it related to the same subject that was addressed on redirect, i.e., the victim's prior testimony. ***See id.*** at 38-40. We are not persuaded by either argument.

Rodriguez essentially argues that the scope of recross is so broad as to always allow questions on matters affecting witnesses' credibility. This is not the case. Pennsylvania courts have explained that redirect examination is "limited to answering only such matters as were drawn out in the immediately preceding examination[.]" ***Commonwealth v. Creary***, 201 A.3d 749, 756 (Pa. Super. 2018) (citations omitted). It follows that recross-examination is similarly limited. ***See*** 1 McCormick On Evid. § 32 (9th ed.) ("the scope of recross as of right is normally confined to questions directed to explaining or avoiding new matter brought out on redirect."). Further,

> Cross-examination is a matter of right, but the bounds of proper cross-examination are necessarily within the sound discretion of

the trial judge, and this is particularly so when applied to recross-examination. It must be clear that counsel cannot be permitted to prolong the course of trial by continually returning to matters already considered or as to which he has been given ampl[e] opportunity to examine; otherwise, there would be no orderly procedure, and nothing but confusion.

***Commonwealth v. Romano***, 141 A.2d 597, 600 (Pa. 1958); ***see also***

***Commonwealth v. Photis***, 331 A.3d 609, 2024 WL 4679061, at *3 (Pa.

Super. filed Nov. 5, 2024) (unpublished memorandum) (citing ***Romano***, 141

A.2d at 600).

Here, notably, the Commonwealth asked the victim three times on direct examination whether she was ever alone with Rodriguez at his house, to which she responded yes. ***See*** N.T., 1/9/25, at 51. Rodriguez had ample opportunity to question the victim about this on cross-examination. By not raising it on cross-examination he bypassed his opportunity.

Additionally, his question on recross was not within the scope of redirect. As the trial court explained,

On recross examination, defense counsel attempted to question the victim on issues that were not raised on re-direct examination. The Commonwealth's re-direct was limited to the question of whether she [was] ever asked at a previous hearing if [Rodriguez] ever assaulted her. (N.T. 1/9/25, p. 96). **The victim was not asked whether she was alone with [Rodriguez], nor was she asked if she ever went "over" to [Rodriguez's] house**. (N.T. 1/9/25, pp. 93, 95-97). The defense attempted to question the victim as to whether she was ever alone with [Rodriguez] or whether she ever went to [Rodriguez's] house. (N.T. 1/9/25, pp. 93, 96).

Trial Court Opinion, 7/23/25, at 5-6 (emphasis added). The difference in questions was further highlighted by the fact that the Commonwealth directed

the victim's attention to pages 21 to 29 of the transcript, while on recross, Rodriguez directed the victim to page 31. ***See*** N.T., 1/9/25, at 89, 94. Therefore, "because [Rodriguez] had an opportunity to explore that issue on cross-examination but did not, and because the Commonwealth did not bring up the issue on re-direct examination[; w]e see no reason to disrupt the court's limitation on the scope of [Rodriguez's] re-cross examination of [the victim]." ***Commonwealth v. Hill***, 242 A.3d 419, 2020 WL 6743143, at *9 (Pa. Super. filed Nov. 17, 2020) (unpublished memorandum) (citations omitted). Accordingly, Rodriguez is not entitled to relief.

For the foregoing reasons, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/23/2026