## Commonwealth v. Free, Appellant.

Argued March 10, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*William H. Saye*, Public Defender, and *Arthur K. Dils*, for appellant.

*James G. Morgan, Jr.*, Assistant District Attorney, with him *LeRoy S. Zimmerman*, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 13, 1969:

On January 9, 1967, appellant was called for trial on the charge of aggravated robbery in the Court of Oyer and Terminer of Dauphin County at No. 6, September Sessions, 1967.

Prior to trial fifty-two members of the Dauphin County jury panel were called into the courtroom where appellant was sitting at counsel table. The District Attorney identified appellant as the defendant in the case and added that appellant and his codefendant "committed the crime of aggravated robbery on or about January 19, 1967 [sic] at a store room located in the twenty-five hundred block, specifically 2543 North Sixth Street in the City of Harrisburg. This was a store room that was owned and operated by the victim in this case, Mrs. Johnston. The Commonwealth in essence is alleging that these two men came in, robbed the store . . ."

Immediately thereafter the court allowed counsel to conduct a general voir dire. Twelve jurors were selected and the trial commenced. Appellant was found guilty.

On January 15, 1967, appellant was called for trial on the charges of sodomy, rape and robbery in the cases now on appeal. These indictments had no relation to appellant's prior indictment and conviction of aggravated robbery.

Fifty-two members of the Dauphin County jury panel were again summoned to the courtroom where appellant was to be tried for the purpose of selecting a jury. Of these, twenty-two had sat in the jury panel which participated in the voir dire examination preceding appellant's trial on January 9, 1967. At this point, appellant's trial counsel moved strenuously for a continuance. He stated that appellant wanted a jury trial but did not want to be tried by a jury se-

lected from the same panel which was in service at the time of his previous trial. The court refused this request and directed the empaneling of a jury to proceed. A general voir dire was conducted and twelve jurors were selected. Of these twelve, seven of the jurors had been members of the jury panel which participated in the voir dire examination of appellant at his prior trial.[1] Perforce, they knew, at a minimum, that appellant had been tried for the offense of aggravated robbery.

The question on appeal, therefore, is whether the court below erred in not granting appellant's request for a continuance.

Pennsylvania law is clear. Evidence which shows or tends to show that the accused is guilty of a commission of other crimes and offenses at other times is incompetent and inadmissible.

In *Commonwealth v. Allen*, 212 Pa. Superior Ct. 314, 242 A. 2d 901 (1968), we held that the mere mention by a prosecution witness that he had identified appellant prior to trial from "mug shots" was sufficient prejudice to warrant the granting of a new trial. Judge SPAULDING, writing for the Court, explained, "(I)t is not only the introduction into evidence of the actual criminal record of the accused or some other physical manifestation of it that is proscribed. It is, rather, the reference, however, oblique, to that record from which it is likely that the jury may conclude that such a record exists, in the instant case occurring when the witness mentioned the 'mug shots' even though they were not introduced into evidence. The Commonwealth's position that the likelihood of prejudice is

---

[1] The seven jurors were No. 111, Grace D. Savage; No. 56, Annabelle Hoyt; No. 11, Germaine Bowman; No. 108, Catherine Rowan; No. 79, Emily Mehalko; No. 122, Martha Straub; No. 123, Donald L. Straw.

vitiated by the fact that only *mention* of the mug shots was made rather than their actual admission is demonstrably unresponsive to the dangers with which the rule excluding such evidence deals." at 317.

In *Commonwealth v. Trowery*, 211 Pa. Superior Ct. 171, 235 A. 2d 171 (1967), the rationale for this rule was explained. "The purpose of this rule is to prevent the conviction of an accused for one crime by the use of evidence that he has committed other unrelated crimes, and to preclude the inference that because he has committed other crimes he was more likely to commit that crime for which he is being tried. The presumed effect of such evidence is to predispose the minds of the jurors to believe the accused guilty, and thus effectually to strip him of the presumption of innocence." at 173-174.

To the same effect is Chief Justice STERN's statement in *Commonwealth v. Burdell*, 380 Pa. 43, 110 A. 2d 193 (1955). "One of our most fundamental and prized principles in the administration of criminal law is that a distinct crime, except under certain special circumstances, cannot be given in evidence against a defendant who is being tried for another crime. This is because the fact that a person has committed one offense is not proof that he has committed another and because the effect of such testimony upon a jury is nevertheless bound to create prejudice and an emotional reaction on their part against the defendant. It is held that such evidence is admissible only where the former alleged crime or crimes are of the same nature as the one under trial and indicate a general intent or design on the part of the accused to conduct, for example, a series of similar robberies. . ." at 47.[2]

---

[2] The statutory exception to this rule provided by the Act of March 15, 1911, P. L. 20, §1, 19 P.S. 711, which allows a defendant who has placed his character into evidence to be questioned con-

A majority of the jury in the instant case was informed of appellant's prior arrest and trial and it is possible that they in turn informed the balance of the jury of this fact. In addition, it is also possible that the jury learned of appellant's conviction in that trial as a result of conversations with members of the panel during the period between the first and second trial. The District Attorney conceded at oral argument that it is a common practice for members of Dauphin County jury panels (1) if not selected to serve on a particular panel to sit in on trials in progress, and (2) to discuss cases they have heard among themselves. In either event, reports of appellant's conviction for aggravated robbery may have been circulated.

Moreover, appellant was unable to prevent the prejudice which arose. At his second trial, the court allowed him twenty peremptory challenges. He could not exercise those challenges, however, against the twenty-two members of the panel who had participated in the voir dire at his January 9, 1967 trial. He had no way of ascertaining who they were. The notes of testimony from that prior trial had not been transcribed and apparently were not available. In addition, he could not question members of the jury panel concerning their knowledge of his prior trial and conviction without revealing that trial and conviction to them.

In such circumstances, with defendant helpless to prevent certain, serious, and substantial prejudice, the trial court should have granted his motion for a continuance.

This safeguard could have been easily afforded. At no great inconvenience to the Commonwealth, appellant's trial could have been postponed until the next term of court when a different jury panel would sit.

---

cerning past convictions, is not here applicable as appellant did not testify in his own behalf.

498

The failure to do so constituted reversible error. A new trial, therefore, will be ordered.

WRIGHT, P. J., would affirm on the opinion of Judge SHELLEY.

WATKINS and JACOBS, JJ., dissent.