Commonwealth *v.* McDaniel, Appellant.

Argued March 9, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Gerald E. Ruth,* Public Defender, for appellant.

*Gary M. Gilbert,* Assistant District Attorney, with him *Harold N. Fitzkee, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 12, 1970:

Appellant was convicted by a jury of aggravated assault and battery with intent to ravish. Following the trial, one of the jurors brought to the attention of the judge that during deliberations in the above matter, another juror had displayed to the panel a copy of the trial list for that session prepared by the District Attorney. That list indicated that in addition to the case being tried before them, appellant was charged with two other unrelated crimes.

The jurors were then called into a conference room and were deposed on this issue. As a result of the conference with the court, counsel questioned the jurors as to their awareness of the presence of the trial list. Several of the jurors admitted that they were aware that appellant was charged with other crimes during their deliberation as a result of this trial list. Nonetheless, the lower court denied appellant's motion for a new trial and entered judgment. This appeal followed.

The question in this case, therefore, is whether the judge should have granted a new trial as a result of the potential prejudice of the trial list.

It is clear that "[e]vidence which shows or tends to show that the accused is guilty of a commission of other crimes and offenses at other times is incompetent and inadmissible." *Commonwealth v. Free,* 214 Pa. Superior Ct. 492, 495, 259 A. 2d 195, 197 (1969). Cf. *Commonwealth v. Bruno,* 215 Pa. Superior Ct. 407, 258 A. 2d 666 (1969) ; *Commonwealth v. Allen,* 212 Pa. Superior Ct. 314, 242 A. 2d 901 (1968) ; *Commonwealth v. Trowery,* 211 Pa. Superior Ct. 171, 235 A. 2d 171 (1967).

Our decision in *Commonwealth v. Free,* supra, is particularly relevant here. In *Free,* seven of the twelve jurors had earlier participated in a voir dire in another prosecution against Free. They had, possibly, informed

other members of the jury of this fact. We held that in such circumstances, where the potential prejudice was so great and the court was without opportunity to eliminate it, a new trial should be granted.

Similarly here, the trial list which indicated that appellant was accused of committing other crimes might well have prejudiced him by predisposing the jurors to believe the accused guilty, thus, effectively stripping him of the presumption of innocence.

The Commonwealth seeks to minimize the prejudice by arguing that the trial list was taken to the jury room without the knowledge or consent of court or counsel and that much of the information contained therein was available to the public generally.

The argument has perhaps been best answered by the decision of the United States Supreme Court in *Marshall v. United States*, 360 U.S. 310, 79 S. Ct. 1171 (1959). There, several jurors had seen newspaper accounts indicating that Marshall had been convicted of two other felonies. The Supreme Court stated that when information received by the jurors would have been ruled prejudicial and excluded, "[t]he prejudice to the defendant is almost certain to be as great when that evidence reaches the jury through news accounts as when it is part of the prosecution's evidence. . . . *It may indeed be greater for it is then not tempered by protective procedures.*" Id. at 312-313, 79 S. Ct. at 1173 [emphasis added]. Similarly here, that the material was received by the jurors without knowledge of counsel or court renders its effect more damaging as no opportunity arose to caution the jury to disregard such material. Had a juror received such information prior to the trial, this fact would have appropriately been the subject of questioning on voir dire and might well have justified a striking of such juror for cause. Here, however, defense counsel had no such opportunity to protect appellant.

Moreover, we seriously question the validity of any argument that the availability of certain inadmissible evidence to the jury should be disregarded merely because judge and counsel were unaware of it.

In summary, the serious potential prejudice to appellant, coupled with the court's inability to cope with it, warrants the granting of a new trial.

Judgment of sentence vacated and new trial is granted.

WRIGHT, P. J., WATKINS and JACOBS, JJ., would affirm on the opinion of President Judge ATKINS.