Commonwealth *v.* Trapp, Appellant.

Submitted September 14, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Malcolm J. Gross,* Assistant Public Defender, for appellant.

*Wardell F. Steigerwalt,* Assistant District Attorney, and *George J. Joseph,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., November 13, 1970:

Appellant and a codefendant were tried together before a jury on charges of burglary, larceny, receiving stolen goods, and conspiracy. After the jury had been selected before the Administrative Judge and sworn, both defense counsel moved for a mistrial on the ground that trial booklets had been submitted to the jury panel

which included the information that appellant and co-defendant were being charged with other crimes.[1] These motions were denied, and, after presentation of evidence, the jury found both defendants guilty. Motions for new trial and in arrest of judgment were filed and denied. This appeal followed.

The question presented in this case is whether a new trial should be granted because of the potential prejudice created by the distribution of the trial list.[2]

Pennsylvania law is clear that evidence which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times is incompetent and inadmissible. *Commonwealth v. McDaniel*, 217 Pa. Superior Ct. 20, 268 A. 2d 237 (1970); *Commonwealth v. Free*, 214 Pa. Superior Ct. 492, 259 A. 2d 195 (1969). *McDaniel* was concerned with the

---

[1] The trial booklet contains a list of all the criminal trials to be held during a particular term of court, in this case April Sessions of 1969 in the Lehigh County Court of Common Pleas. The relevant portions appear at pages 19-21 of the trial booklet:
"List No. 65. Commonwealth v. Edward Strohl [co-defendant]
  Burglary, Larceny and Receiving.
 66. Commonwealth v. Samuel Trapp [appellant]
  Burglary, Larceny and Receiving.
 67. Commonwealth v. Edward Strohl and Samuel Trapp
  Conspiracy to do unlawful acts.
 68. Commonwealth v. Edward Strohl
  Burglary, Larceny and Receiving.
 69. Commonwealth v. Edward Strohl
  Conspiracy to do an unlawful act.
 . . .
 71. Commonwealth v. Francis Bobko, Jr. and Edward Strohl
  Burglary, Larceny and Receiving.
 72. Commonwealth v. Samuel Paul Trapp [at issue here]
  Burglary, Larceny and Receiving.
 73. Commonwealth v. Samuel Paul Trapp [at issue here]
  Conspiracy to do an unlawful act."

[2] This issue should not arise in the future because in Lehigh County the practice of distributing trial booklets to jurors has been discontinued.

discovery after trial that several jurors were aware from the trial booklet that the defendant was charged with other crimes. There we found that this information "might well have prejudiced [appellant] by predisposing the jurors to believe the accused guilty, thus, effectively stripping him of the presumption of innocence." *McDaniel*, supra at 23, 268 A. 2d at 238. The same prejudice was present here, since the Commonwealth presented the jury with information indicating that appellant was charged with other crimes.

The prejudice to the defendant was further aggravated by the fact that the booklets listed other burglaries charged against codefendant. Jurors are very likely influenced by the maxims of guilt by association and "birds of a feather flock together". Almost inevitably, appellant would be tarred with the same brush as the codefendant. The intrusion into the trial of other alleged crimes raised issues to which appellant could not realistically present a defense. Clearly, appellant's association with the other charges and with codefendant tended to show that he was guilty of other crimes and effectively stripped him of the presumption of innocence.

Accordingly, judgment of sentence is reversed and a new trial granted.

WRIGHT, P. J., WATKINS and JACOBS, JJ., would affirm the judgment below.