Commonwealth *v.* Rivers, Appellant.

Argued December 11, 1970.   Before WRIGHT, P. J.,
WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING,
and CERCONE, JJ.

*Michael L. Levy,* Assistant Defender, with him *John
W. Packel,* Assistant Defender, and *Vincent J. Zic-
cardi,* Defender, for appellant.

*James T. Owens,* Assistant District Attorney, with
him *Milton M. Stein,* Assistant District Attorney,
*James D. Crawford,* Deputy District Attorney, *Richard
A. Sprague,* First Assistant District Attorney, and *Ar-
len Specter,* District Attorney, for Commonwealth, ap-
pellee.

OPINION BY JACOBS, J., April 15, 1971:
In this case the appellant, Devoid Rivers, was in-
dicted on three bills with one Edward Sable.   On bill
No. 117 he was charged with assault with intent to rob,
on No. 118 he was charged with burglary, and on No.
119 he was charged with conspiracy.   He and Sable,
together with one Armstrong who was charged with

possession of burglary tools, were tried at the same time. Jury trial was waived and the three defendants were tried, beginning September 8, 1958, before Judge Maurice W. SPORKIN. Appellant was at all times represented by counsel.

At the beginning of the trial appellant entered a plea of guilty to bill No. 117. When this was announced the judge said: "Very well, he may so plead. The remaining defendants are pleading not guilty, and have waived a jury trial."

On the second day of trial appellant was called as a witness by the Commonwealth. On direct examination the assistant district attorney asked the appellant if he was in custody awaiting trial on a homicide charge; the appellant said he was. The Commonwealth also asked him about prior convictions, and he admitted convictions of larceny and assault and battery. He was also asked about convictions of larceny and receiving stolen goods while still a juvenile, and convictions of robbery, aggravated assault and battery, and rape. No objection was made by appellant's counsel to any of the questions.

At the close of trial the judge deferred adjudication to a later date. The appellant, and the other defendants, next appeared before the judge on October 15, 1958. At that time the assistant district attorney reminded the judge of the open murder charge against appellant and suggested sentence await the disposition of the murder case. The judge was agreeable and asked if it was a first-degree case, to which the district attorney replied that he thought it could rise to first degree. The district attorney then pointed out that there had been no adjudication on bills No. 118 and No. 119. At that point the following colloquy took place: "THE COURT: I thought that he pleaded guilty to all bills? MR. BALKA: Not as to bills 118 and 119. Your Honor

deferred adjudication as to those. THE COURT: As to 118 I will adjudicate him guilty of burglary. As to bill 119 I will adjudicate him guilty."

Appellant was allowed to file post-trial motions nunc pro tunc. By order of the court below, dated April 15, 1970, these motions were denied. This is an appeal from that order only as it relates to No. 118.

Evidence of the commission of other crimes having no connection with the crime on trial is inadmissible to show commission of the crime being tried. *Commonwealth v. Trowery*, 211 Pa. Superior Ct. 171, 235 A. 2d 171 (1967). Even if it be argued that the prior convictions of felonies were admissible to affect appellant's credibility, the examination about several misdemeanors not *crimen falsi* and the pending murder charge was completely improper. Furthermore, while it might have been proper for counsel for the other defendants to attempt to discredit the appellant who was implicating them, there was no reason to permit the district attorney to attack the credibility of his own witness.

The testimony as to prior crimes and the pending murder charge was so prejudicial that the trier of facts, even though he was an able and experienced trial judge, could have come to no other conclusion than that the appellant had a predilection for crime. In *Commonwealth v. Free*, 214 Pa. Superior Ct. 492, 259 A. 2d 195 (1969), and *Commonwealth v. McDaniel*, 217 Pa. Superior Ct. 20, 268 A. 2d 237 (1970), we granted new trials where a jury became aware of other prosecutions pending against the defendant.

Despite the fact that no objection was made below, a new trial must be granted because fundamental error was committed. See *Commonwealth v. Williams*, 432 Pa. 557, 248 A. 2d 301 (1968). Not only was highly prejudicial testimony admitted against appellant, but he was deprived of the protection he would nor-

mally have gotten from the trial judge. It is obvious from Judge SPORKIN'S statement at the end of the case that he thought the appellant had entered a plea of guilty to all charges at the beginning of the case. If this had been true the appellant's guilt would have been adjudicated and there would have been no imperative need to keep out prejudicial testimony. Had the judge been aware that he was still trying appellant on two bills, we are certain that he would have excluded the irrelevant and prejudicial testimony.

The order of the court below is reversed and a new trial granted on Bill No. 118.

WRIGHT, P. J., and WATKINS, J., would affirm on the opinion of Judge STERN.