## Commonwealth v. Milhouse

*Dean L. Foote,* for Commonwealth.
*Dennis J. Monaghan,* for defendant.

WIEAND, J., July 27, 1971.—Gilbert L. Milhouse was convicted by a jury of operating a motor vehicle after his operating privileges had been suspended and before the same had been reinstated. His motion for new trial presents to the court en banc* a narrow issue. Was it error to receive in evidence, over objection, an abstract of defendant's driving record, properly certified, for the purpose of establishing that defendant's operating privileges were under suspension, where the abstract also showed summary motor vehicle offenses and suspensions not related to the suspension in effect on the date of the alleged offense?

---

*Scheirer, J., took no part in the consideration or decision of this case.

The general rule is that on a prosecution for a particular crime, evidence which shows or tends to show that the accused has committed another crime wholly independent of, and unconnected with, that for which he is on trial is irrelevant and immaterial: Commonwealth v. Boulden, 179 Pa. Superior Ct. 328; Commonwealth v. Trowery, 211 Pa. Superior Ct. 171; Commonwealth v. Free, 214 Pa. Superior Ct. 492; Commonwealth v. Trapp, 217 Pa. Superior Ct. 384; Commonwealth v. Rivers, 218 Pa. Superior Ct. 184; 22A C.J.S. Criminal Law §682; 1 Henry, Pa. Evidence, §37. This is because the fact that a person has committed one offense is not proof that he has committed another, and because the effect of such testimony upon a jury is nevertheless bound to create prejudice and an emotional reaction on their part against defendant: Commonwealth v. Burdell, 380 Pa. 43. In Shaffner v. Commonwealth, 72 Pa. 60, at page 65, and again in Commonwealth v. Boulden, supra, at page 332, the court said:

"If the evidence [of an offense not charged] be so dubious that the judge does not clearly perceive the connection [with the crime charged], the benefit of the doubt should be given to the prisoner, instead of suffering the minds of the jurors to be prejudiced by an independent fact, carrying with it no proper evidence of the particular guilt."

Defense counsel has provided us with a copy of an unreported opinion by the Court of Common Pleas of Northampton County in Commonwealth v. Richard V. Stein, April term, 1962, no. 20 which held that the receipt in evidence of an abstract of defendant's driving record revealing prior unrelated offenses and suspensions required the granting of a new trial. Although that opinion is not binding on this court, we are persuaded by the perception of the writer and

the fairness of the decision. See also Hines v. State, 157 Tex. Cr. 205, 248 S. W. 2d 156. Compare People v. Osborne, 78 Ill. App. 2d 132, 223 N. E. 2d 243, and State v. Ruble, 77 N. D. 79, 40 N. W. 2d 794, in both of which defendant's driving record recited only those driving offenses which supported the suspension in effect on the date of the alleged offense. Compare also Tyrrell v. State, 173 Neb. 859, 115 N. W. 2d 459, where defendant took the stand and gave testimony which fully verified the offense upon which the relevant suspension was based.

The Secretary of Revenue has been authorized in appropriate cases to suspend the operating privileges of Pennsylvania motorists. Certified transcripts of orders imposing suspensions are admissible in evidence under the provisions of section 1224 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1224: Commonwealth v. Monk, 49 Dauph. 120. In the trial of a motorist on an indictment charging him with driving while his operating privileges are under suspension, the fact of suspension can be proved by the Commonwealth without offering an abstract of the motorist's record which displays prior unrelated offenses and suspensions.

In the instant case, the trial judge cautioned the jury that defendant's driving record had been received solely for the purpose of establishing that defendant's privileges were under suspension on the date when he was alleged to have operated a vehicle. He instructed the jurors to disregard defendant's prior driving record and admonished them that they would violate their oaths as jurors if they considered the same as evidence of defendant's guilt. We are of the opinion, however, that the prejudice inherent in placing in the hands of the jurors information establishing defendant's prior bad driving record was such

that it could not be eradicated by the trial judge's advice.

Accordingly, we will award a new trial.

### ORDER

Now, July 27, 1971, it is ordered that defendant's motion for a new trial be and the same is hereby granted.