Commonwealth *v.* Hirsch, Appellant.

Argued June 17, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING, J., absent).

*Rudolph Zieger, Jr.*, Assistant Public Defender, for appellant.

*Wardell F. Steigerwalt*, Assistant District Attorney, with him *George J. Joseph*, District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 30, 1971:
The six judges who heard this appeal being equally divided, the judgment of sentence is affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:
Appellant and two co-defendants were charged with the commission of an armed robbery. Prior to commencement of trial, defense counsel made a motion to challenge the jury panel on the ground that prejudicial matter had been distributed to them. The information was that both co-defendants had numerous additional robbery charges pending against them. The jury was made aware of this fact from the trial list booklets which were distributed to each juror.

The court denied the motion and the case proceeded to trial. Appellant and his co-defendants were found guilty as charged. From judgment of sentence this appeal followed.

The instant case arises from the same series of robberies and the same trial list booklet as that involved in *Commonwealth v. Trapp*, 217 Pa. Superior Ct. 384, 272 A. 2d 512 (1970). In that case the appellant's name appeared elsewhere on the list, and his co-defendants' names (the same co-defendants as in the instant case) were quite common in the booklet. In that situation this Court held that appellant was prejudiced by the multiple use of his own name, and that "[t]he preju-

dice to the defendant was further aggravated by the fact that the booklets listed other burglaries charged against co-defendant. Jurors are very likely influenced by the maxims of guilt by association and 'birds of a feather flock together'. Almost inevitably, appellant would be tarred with the same brush as the codefendant. The intrusion into the trial of other alleged crimes raised issues to which appellant could not realistically present a defense. Clearly, appellant's association with the other charges and with codefendant tended to show that he was guilty of other crimes and effectively stripped him of the presumption of innocence." Id. at 387, 272 A. 2d at 514.

The Commonwealth's case against appellant was essentially based on circumstantial evidence and the testimony of a co-defendant's exgirl friend whose credibility was severely impugned. In such a situation, it is quite likely that a jury will be swayed by even the slightest insinuation that the defendant is a "bad man". I believe that the prejudice noted in *Trapp* is equally present here. Accordingly, I would grant appellant a new trial.

MONTGOMERY and CERCONE, JJ., join in this dissenting opinion.