Dissenting Opinion by
Hoffman, J.:
Appellant was tried before a jury and convicted of prison breach.[1] In this appeal appellant contends that he is entitled to a new trial because (1) the jury was prejudiced against him by a remark of one of the jurors during voir dire, and (2) evidence was admitted which established that appellant had previously escaped from prison.
While conducting the voir dire of prospective jurors, the lower court asked the jury panel whether or not any of them knew the prosecuting witness, Officer Raymond Magensky of the Pennsylvania State Police. Juror No. 6 responded after some hesitation, “I don’t think I should sit on this case”. The court then asked the juror, “Have you had some contact with Mr. Magensky that would not qualify you?” The juror’s reply was, “Yes, he stole my car.” Immediately after this response defense counsel approached the bench and moved for the withdrawal of a juror, or in the alternative, to strike the jury panel. The motion was denied and defendant Avas tried by the same panel.
Appellant argues that the jury panel may have inferred that the accusation made by Juror No. 6 was directed at him rather than at the Pennsylvania State Trooper.[2] The lower court in its opinion indicated that *108 if did not believe that appellant had been prejudiced by the remark: “While it is strange for a prospective juror to accuse a state policeman of stealing his car the jury could reasonably infer that possibly [Juror No. 6] and Trooper Magensky had had some sort of disagreement at a prior time.”
It is evident that the more reasonable inference which would be drawn from Juror No. 6’s statement is that he was referring to appellant rather than the State Trooper. Our Court has previously considered a similar situation where potential prejudice was created by the distribution of trial lists to the jury panel. Commonwealth v. Trapp, 217 Pa. Superior Ct. 381, 272 A. 2d 512 (1970). In Trapp the trial lists which had been submitted to the jury panel included the information that appellant and a co-defendant were being charged with other crimes. Quoting from Commonwealth v. McDaniel, 217 Pa. Superior Ct. 20, 268 A. 2d 237 (1970 ), we found that the distribution of the trial lists “might well have prejudiced [appellant] by predisposing the jurors to believe the accused guilty, thus, effectively stripping him of the presumption of innocence.” Commonwealth v. Trapp, supra at 387.
The only significant difference between Trapp and the instant case is that the appellant here was charged with prison breach, a crime which necessarily includes the information that a person charged therewith has had prior contact with the police. I do not believe, however, that this factor alone would make the reference to prior crimes or offenses harmless error.
It is true that a defendant charged with prison breach has no basis upon which to complain about necessary references to the fact that he was imprisoned. This is, of course, apparent from the nature of the charge of prison breach. However, a reference to appellant having allegedly stolen a car may have prejudiced the jury panel against him by creating an infer *109 ence that appellant has a criminal disposition. This reference would necessarily increase the risk that the jury would convict appellant of the substantive crime upon the impermissible inference of criminal nature. See Commonwealth v. Free, 214 Pa. Superior Ct. 492, 259 A. 2d 195 (1969).
Appellant’s second specification of error concerns the statement of a Commonwealth witness that appellant had escaped from prison in an incident separate from that for which appellant was charged in the instant case. The Commonwealth called one of the guards at the Mercer County jail and the following colloquy occurred: “Q. . . . and did Mr. Harkins remain in the Mercer County Jail from April up until October of 1969? A. No, sir. Q. And prior to October 5, 1969, had he at some time been removed from the jail for some reason or the other? A. That is right. Q. And did he come back, as you recall? A. Well, he came back to the jail from the Grove City-Bashline Hospital after he escaped from down there.”
The escape referred to by the guard was a prison breach by appellant which had occurred before the prison breach for which he was tried below. Appellant’s attorney objected to this reference and moved for the withdrawal of a juror. The lower court denied the motion. This clearly was error.
In the recent case of Commonwealth v. Rivers, 218 Pa. Superior Ct. 184, 279 A. 2d 766 (1971), our Court stated that “[t ]he testimony as to prior crimes and [appellant’s] pending murder charge was so prejudicial that the trier of facts, even though he was an able and experienced trial judge, could have come to no other conclusion than that the appellant had a predilection for crime. In Commonwealth v. Free, 214 Pa. Superior Ct. 492, 259 A. 2d 195 (1969), and Commonwealth v. McDaniel, 217 Pa. Superior Ct. 20, 268 A. 2d 237 (1970), we granted new trials where a jury became *110 aware of other prosecutions pending against the defendant.
“Despite the fact that no objection was made below, a new trial must be granted because fundamental error was committed. See Commonwealth v. Williams, 432 Pa. 557, 248 A. 2d 301 (1968).” Commonwealth v. Rivers, supra at 187.
In the instant case the Commonwealth witness’s testimony that appellant had escaped from prison before would suggest to the jury that appellant had a propensity for breaking out of prison. Such a suggestion would clearly constitute error as it may have led the jury to convict appellant on that evidence. The harm which may result from the jury learning of appellant’s prior like crime is separate and distinct from any prejudice resulting from knowledge of prior police contact for crimes which are not similar to the crime charged.
The Commonwealth argues that the errors raised by appellant in this appeal are harmless, and therefore, not sufficient for reversal. The harmless error doctrine was restated by the United States Supreme Court in Chapman v. California, 386 U.S. 18 (1967). The Supreme Court held in Chapman that before a federal constitutional error could be held harmless, the reviewing court must be able to declare a belief that the error was harmless beyond a reasonable doubt. Mr. Justice Stewart, in a concurring opinion, noted that in a number of areas the Supreme Court “has steadfastly rejected any notion that constitutional violations might be disregarded on the ground that they were ‘harmless’.” Chapman v. California, supra at 42. Where the error raised on appeal has involved the introduction into evidence of involuntary confessions, or where a defendant has been denied counsel at trial, a conviction must be reversed without any examination as to the actual prejudice resulting from the error. Lynumn v. Illinois, 372 U.S. at 528 (1963); Glasser v. United States, 315 U.S. 60 (1942).
*111 In Sheppard v. Maxwell, 384 U.S. 333 (1966), the Supreme Court held that the failure of a state trial judge in a murder prosecution to protect the defendant from inherently prejudicial publicity and to control disruptive influences in the courtroom deprived defendant of due process of law. The Court in Sheppard noted that “ bit times a procedure employed by the State involves such a probability that prejudice will result that it is deemed inherently lacking in due process’.” Sheppard v. Maxwell, supra at 352, quoting Estes v. Texas, 381 U.S. 532, 542-543 (1965).
Though Sheppard was a case primarily involving unfair and prejudicial news comment, the Supreme Court indicated that “[d]ue process requires that the accused receive a trial by an impartial jury free from outside influences.” Sheppard v. Maxwell, supra at 362.
I need not reach the question whether the error committed by the lower court in this case is of the type requiring automatic reversal without a showing of prejudice to the appellant. This appeal has come before us on an abbreviated record, including only three pages of transcribed testimony. On the state of the record as it is before us I find that it is not possible to make a determination that the substantial error which occurred below was “harmless beyond a reasonable doubt.”
For the above reasons I would vacate the judgment of sentence and grant appellant a new trial.
Montgomer r and Jacobs, JJ., join.

 Act of June 24, 1939, P. L. 872, §309, as amended, July 16, 1968, P. L. , No. 174, §1, 18 P.S. §4309.

 It was later revealed to the trial judge that Juror No. 6’s car was stolen on the evening of appellant’s removal from jail, and that Juror No. 6 had been referring to appellant and not the State Trooper.