## Commonwealth *v.* Dill, Appellant.

*Steven G. Farber* and *Jonathan Miller,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, April 4, 1973:

The six Judges who heard and decided this appeal being equally divided, the judgment of sentence is affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:

This appeal involves the question of whether basic and fundamental error, requiring a new trial, was committed when on direct testimony the Commonwealth elicited from its witness references to prior or other crimes committed by the appellant and unrelated to the charges for which he was being tried.

Appellant, Kenneth Dill, was arrested and charged with two counts of aggravated robbery, and one of carrying a concealed deadly weapon, stemming from an incident which occurred on November 17, 1970. On that date, two youths walking in the vicinity of 46th and Lancaster Avenue were robbed by five persons. The complaining witness, Gerrcia Wright, testified that the first time he saw appellant after the robbery was at a hearing in a police station seven months later. Originally, warrants had been issued for five persons named by the other victim. Appellant's name had not appeared on any of the warrants. Instead, appellant's brother, Jerome Dill, was named and arrested. At Jerome's hearing, however, Mr. Wright identified appellant, and not Jerome, as one of the five robbers.

On October 13, 1971, appellant was tried by the trial judge sitting without a jury, and was convicted of aggravated robbery as laid in Bill of Indictment No. 1156. Demurrers were sustained on the other charges. Appellant was sentenced to a term of imprisonment of not less than two nor more than five years.

On direct examination by the Commonwealth, and in response to a question asking for a narrative as to what took place at the hearing in June of 1971, and how it came that appellant was present at his brother's

hearing, Detective Dougherty testified: "I was notified by Detective Nespoli of the West Detective Division that he had *arrested the two Dill brothers in regard to a burglary* and that I, meaning myself. . . ." (Emphasis added.) Objection was immediately made and sustained.

The above testimony did not come by way of impeaching appellant's own testimony. While appellant did take the stand, his testimony did not come until later in the trial. Furthermore, the Commonwealth made no effort to demonstrate a common scheme or modus operandi to link the two crimes. In fact, on cross-examination, after the arrest on an unrelated charge had been made known to the judge, defense counsel brought out that the other charges were unrelated to the present robbery.

Appellant contends that such testimony without any probative value whatsoever was of such prejudicial quality as to constitute basic and fundamental error. I must agree with appellant's contention. The law regarding evidence of other crimes is clear: "It is true, of course, that a distinct crime, except under certain special circumstances, cannot be given in evidence against a defendant who is being tried for another crime, because the fact of the commission of one offense is not proof of the commission of another. . . . But, it is also true that sometimes there exist the 'special circumstances' which operate as exceptions to the general rule, and bring the case within the equally well established principle that evidence of other crimes is admissible when it tends to prove a common scheme, plan or design embracing the commission of two or more crimes so related to each other than proof of one tends to prove the others . . . in other words, where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other." *Commonwealth v.*

*Wable,* 382 Pa. 80, 84, 114 A. 2d 334 (1955). The special circumstances doctrine is a narrowly construed exception to the general rule, and is not applicable in the instant case. See *Commonwealth v. Jenkins,* 442 Pa. 588, 277 A. 2d 356 (1971).

We have held that even when the case is heard by a judge sitting without a jury, and where counsel has failed to make an objection thereto, that such testimony of prior crimes requires a new trial. In *Commonwealth v. Rivers,* 218 Pa. Superior Ct. 184, 187, 279 A. 2d 766 (1971), we said that "[t]he testimony as to prior crimes and the pending murder charge was so prejudicial that the trier of facts, even though he was an able and experienced trial judge, could have come to no other conclusion than that the appellant had a predilection for crime. . . . Despite the fact that no objection was made below, a new trial must be granted because fundamental error was committed." See also *Commonwealth v. Williams,* 432 Pa. 557, 248 A. 2d 301 (1968).

I would, therefore, vacate appellant's conviction and remand to the court below for a new trial.

SPAULDING and CERCONE, JJ., join in this dissenting opinion.