Commonwealth *v.* Scannell, Appellant.

*Drew Salamon,* Assistant Defender, with him *Michael L. Levy,* and *Jonathan Miller,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*James J. Wilson,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, April 4, 1973:

The six judges who heard this appeal being equally divided, the judgment of sentence is affirmed.

DISSENTING OPINION BY HOFFMAN, J.:

In this appeal, appellant contends that he is entitled to a new trial because the Commonwealth improperly elicited from its own witness testimony that appellant had been involved in prior crimes.

Appellant was charged with larceny and receiving stolen goods, and was brought to trial before a judge sitting without a jury on April 14, 1972. The main witness for the Commonwealth was Officer Edward Cervonka, who began his testimony with the following remarks: "Q. Will you tell the Court the facts and circumstances [of the arrest], please? A. In the area of Cedar and Allegheny, *knowing that major crimes*— (emphasis added)." This was immediately objected to, and sustained. The witness went on: "A. In the area of Cedar and Cambria, looking for a Charles Scannell *wanted by Major Crimes*— (emphasis added)." This remark was likewise objected to, but this time the Court did not sustain, but rather engaged witness in the following colloquy: "THE COURT: He was wanted? THE WITNESS: Wanted. THE COURT: Were you looking for him? THE WITNESS: Looking for him. . . ." The District Attorney, thereupon, continued his questioning of the witness, in the following manner: "Q. Now, did you recognize the defendant by knowing his name? Did you recognize his face? A. I'd know Charles Scannell. Q. You have had contact with him in the past; is that correct? A. A few times. Q. And you indicated that he was wanted by Major Crimes; is that correct? A. Right."

In the course of his testimony, Officer Cervonka indicated that he observed appellant driving a car, which, he later learned, was stolen. According to the officer, appellant fled at that time and was not apprehended. Appellant produced three alibi witnesses and took the stand in his own defense. The Court convicted

appellant and was sentenced to serve a term of 11 and ½ to 23 months imprisonment.

The above testimony indicated, whether truly or not, that in the past the appellant had committed unlawful acts. By such testimony, the trial court became aware of appellant's prior contacts with the police. We have, on a number of occasions, held this awareness to be prejudicial to a defendant's right to a fair trial. *Commonwealth v. Bruno*, 215 Pa. Superior Ct. 407, 258 A. 2d 666 (1969); *Commonwealth v. Allen*, 212 Pa. Superior Ct. 314, 242 A. 2d 901 (1968); *Commonwealth v. Trowery*, 211 Pa. Superior Ct. 171, 235 A. 2d 171 (1967).

In the present case, criminal activity, and not specific crimes, was alluded to. As we said in *Commonwealth v. Trowery*, supra, at 173, "It is almost too axiomatic to repeat the well-established common law rule that, in a criminal prosecution, proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged." The prejudicial effect of such evidence is self-evident.

The fact that the case was heard by a trial judge sitting without a jury and not by jurors whose minds could have been swayed by such evidence is of no moment. In *Commonwealth v. Rivers*, 218 Pa. Superior Ct. 184, 187, 279 A. 2d 766 (1971), we held that a new trial must be granted where evidence of unrelated crimes is introduced in a trial where a defendant has waived a jury. We held that such evidence "was so prejudicial that the trier of facts, even though he was an able and experienced trial judge, could have come to no other conclusion than that the appellant had a predilection for crime." Evidence of such implication, in my opinion, presents itself in the instant case, as the trial

judge himself engaged the prosecuting witness into a discourse regarding appellant's contact with Major Crimes.

I would, therefore, reverse and vacate the judgment of sentence, and remand the case to the court below for a new trial.

SPAULDING and CERCONE, JJ., join in this dissenting opinion.