# Commonwealth *v.* Bobko, Appellant.

476

Submitted November 8, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Malcolm J. Gross*, Assistant Public Defender, for appellant.

*Thomas J. Calnan, Jr.*, Assistant District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, September 19, 1973:

Appellant, Francis P. Bobko, Jr., was tried jointly with two other codefendants and was found guilty of armed robbery. Following the denial of post-trial motions, appellant was sentenced to a term of not less than five years nor more than ten years imprisonment. The Superior Court affirmed the judgment of sentence *per curiam*, with Judge HOFFMAN filing a dissenting opinion in which Judge SPAULDING and Judge CERCONE joined. *Commonwealth v. Bobko*, 221 Pa. Superior Ct. 100, 288 A. 2d 925 (1972). We granted allocatur and now we reverse.

The primary question presented in this appeal is whether a new trial should be granted because of the potential prejudice created by the distribution to the jury of a trial booklet which indicated that appellant and his codefendants were under indictment for charges unrelated to those being prosecuted in the present proceeding.[1] Prior to trial, appellant "moved to challenge the panel of the jurors on the grounds that prejudicial matter to the defendant has been distributed to them. . . ." This motion was brought after the jury was sworn, but before the taking of testimony. The trial court summarily denied the motion without explanation.

We believe that presenting the jury with information indicating that appellant was charged with other crimes is prejudicial error. Certainly, possession by the jury of a list of charges pending against the appellant might well have predisposed the jurors to believe the appellant guilty, thus denying him the presumption of innocence. The prejudice created requires that the conviction be set aside and that a new trial be granted.

In *Commonwealth v. Trapp*, 217 Pa. Superior Ct. 384, 272 A. 2d 512 (1970), the Superior Court was con-

---

[1] The practice of distributing trial booklets, which are official publications prepared on behalf of the county, has been discontinued in Lehigh County.

fronted with an analogous situation and held that submitting to the jury trial booklets which included information that the accused was charged with other crimes was reversible error. *See Commonwealth v. Mc-Daniel*, 217 Pa. Superior Ct. 20, 268 A. 2d 237 (1970). The Superior Court reasoned in *Trapp* that the trial court "might well have prejudiced [appellant] by predisposing the jurors to believe the accused guilty, thus effectively stripping him of the presumption of innocence." 217 Pa. Superior Ct. at 387, 272 A. 2d at 513 (quoting from *Commonwealth v. McDaniel*, 217 Pa. Superior Ct. at 23, 268 A. 2d at 238). As the Superior Court pertinently observed: "The prejudice to the defendant was further aggravated by the fact that the booklets listed other burglaries charged against codefendant. Jurors are very likely influenced by the maxims of guilt by association and 'birds of a feather flock together'. Almost inevitably, appellant would be tarred with the same brush as the codefendant. The intrusion into the trial of other alleged crimes raised issues to which appellant could not realistically present a defense. Clearly, appellant's association with the other charges and with codefendant tended to show that he was guilty of other crimes and effectively stripped him of the presumption of innocence." 217 Pa. Superior Ct. at 387, 272 A. 2d at 514.

The trial court, in its opinion written following post-trial motions, indicated that it was aware of *Commonwealth v. Trapp, supra,* but felt that it could be distinguished from the instant case. In *Trapp,* the defendant, upon learning that the jury had the trial booklet, moved for a mistrial. Here, the appellant made a pretrial motion to challenge the jury panel. The trial judge, in his opinion, pointed out that appellant's challenge to the array did not conform to the provisions of Rule 1104(b) and (c) of the Pennsylvania Rules of

Criminal Procedure. Pa. R. Crim. P. 1104 provides in pertinent part:

"(b) Unless opportunity did not exist prior thereto, a challenge to the array shall be made not later than five days before the first day of the week the case is listed for trial of criminal cases for which the jurors have been summoned and not thereafter, and shall be in writing, specifying the acts constituting the ground for the challenge.

"(c) A challenge to the array may be made only on the ground that the jurors were not selected, drawn or summoned substantially in accordance with law."

Even though appellant moved for a challenge to the array rather than for a mistrial, we are not persuaded that this is a distinction with any legal significance. In our view, the nature and purpose of appellant's motion was clear and, therefore, the trial court should have addressed itself to the merits of the objection. As the dissenters in the Superior Court ably point out: "[T]he fact that appellant sought relief by bringing a motion to challenge the jury panel instead of a motion for mistrial is not material. First, insofar as a motion for mistrial would have been timely, if made at the time that the challenge to the jury panel was made, there is no reason for the trial court to deny relief to the appellant on the basis that the challenge to the jury panel was not timely. Second, even if the motion to challenge the jury panel was improperly framed, the trial court still recognized the true thrust of appellant's pretrial objection and should have passed on the merits of such objection." *Commonwealth v. Bobko*, 221 Pa. Superior Ct. 100, 104-05, 288 A. 2d 925, 926-27 (1972) (dissenting opinion).

As further justification for its refusal to grant appellant's motion, the trial court indicated that appellant "overlook[ed] the use of voir dire to determine

actual prejudice" which resulted from the distribution of the trial booklets to the jurors. However, this suggested use of voir dire to determine whether the jury had been prejudiced against the appellant does not take into account the fact that the jury had already been sworn when the appellant discovered that the booklets had been distributed and thus the opportunity for voir dire had passed. See Pa. R. Crim. P. 1106, 1107 and 1100.

Lastly it cannot be claimed that this error was harmless. The courts of this Commonwealth have been acutely aware of the prejudicial effect of the introduction of other offenses and have limited its use to those situations where the State's interest in the probative value far exceeded the prejudice to the defendant. See generally, *Commonwealth v. Bighum,* 452 Pa. 554, 307 A. 2d 255 (1973); *Commonwealth v. Allen,* 448 Pa. 177, 181 n.2, 292 A. 2d 373 (1972); *Commonwealth v. McIntyre,* 417 Pa. 415, 208 A. 2d 257 (1965); *Commonwealth v. Bell,* 417 Pa. 291, 208 A. 2d 465 (1965);*Commonwealth v. Wable,* 382 Pa. 80, 114 A. 2d 334 (1955); see also, II Wigmore §300-373 (3d Ed.). Here where no purpose was served by supplying this information to the jurors we see no justification for the prejudice that resulted to the defendant. Jurors are selected for a specific period of time and are required to serve in any cause during that period for which they are chosen.

The order of the Superior Court, affirming the judgment of sentence of the Court of Common Pleas of Lehigh County, is reversed and a new trial granted.