## Commonwealth *v.* Strohl, Appellant.

Submitted June 12, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Charles J. Hair,* Assistant Public Defender, for appellant.

*Thomas J. Calnan, Jr.,* and *Wardell F. Steigerwalt,* Assistant District Attorneys, and *George J. Joseph,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., November 16, 1973:

Appellant contends that he is entitled to a new trial because he was prejudiced by the introduction of "trial booklets" to the jury before the trial had begun.

Appellant was charged with armed robbery. After the jury had been sworn, and before testimony was taken, it came to the appellant's attention that the jury was handed "trial booklets," wherein a "history" of the appellant appeared listing other crimes and charges, in addition to the one for which he was being tried. Appellant was thereafter convicted on the charge of armed robbery.

Our Supreme Court, on September 19, 1973, declared that it was irrelevant whether counsel raised the issue of the prejudicial effect of these trial booklets by way of a motion for a mistrial or by challenging the array of the jury panel. *Commonwealth v. Bobko,* 453 Pa. 475, 309 A. 2d 576 (1973). See also, *Commonwealth v. Trapp,* 217 Pa. Superior Ct. 384, 272 A. 2d 512 (1970), which condemned the use of "trial booklets," saying that such a practice required a mistrial. The Supreme Court, in reversing the judgment of sentence of Francis Bobko (who, incidentally, was Strohl's code-fendant), said that the same prejudice attached to a defendant by the exposure of the jury to information of his prior crimes or outstanding charges regardless of what form the objection was framed, and that the difference in raising said error was without any "legal significance."

For the reasons stated in *Trapp* and *Bobko,* we reverse the judgment of sentence and remand the case for a new trial.