## Commonwealth *v.* Hirsch, Appellant.

Submitted January 8, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Victor F. Cavacini,* Assistant Public Defender, for appellant.

*Thomas J. Calnan, Jr.* and *Howard R. Miller,* Assistant District Attorneys, and *George J. Joseph,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 25, 1974:

Appellant and two co-defendants were charged with armed robbery. Prior to commencement of trial, defense counsel made a motion to challenge the jury panel on the grounds that prejudicial matter had been distributed to them. The information was that both co-defendants had numerous additional robbery charges pending against them. The jury was aware of this fact from the trial booklets which were distributed to each juror. The court denied the motion and the case proceeded to trial. Appellant and his co-defendants were found guilty as charged. On appeal the Superior Court, six judges having heard the appeal and being equally

524

divided, the judgment of sentence was affirmed. *Commonwealth v. Hirsch,* 220 Pa. Superior Ct. 238, 281 A.2d 739 (1971) (HOFFMAN, J., wrote an opinion recommending reversal, in which MONTGOMERY and CERCONE, JJ., joined). We granted allocatur.

The primary question presented in this appeal is whether a new trial should be granted because of the potential prejudice created by the distribution to the jurors of the trial booklet which indicated that appellant's two co-defendants were under indictment for charges unrelated to those presently being prosecuted. We ruled in *Commonwealth v. Bobko,* 453 Pa. 475, 309 A.2d 576 (1973), that where it appeared that there had been distributed to the panel of jurors trial booklets which indicated that the defendant and co-defendant were under indictment for charges unrelated to those being prosecuted a new trial should be granted because of potential prejudice created by the distribution of the Pa. Superior Ct. 384, 272 A.2d 512 (1970). trial booklets. See also, *Commonwealth v. Trapp,* 217

The instant appeal, however, is distinguishable from *Bobko* and *Trapp.* Here, there is no mention of the appellant's name, except for those charges for which he was then being prosecuted.

While in *Bobko* we recognized the reference to co-defendants as an aggravation of the error, that was so because the accused was also included. From the other charges a prospective juror could reasonably be expected to conclude that the group had engaged in a series of such events. Where, as here, the name of the accused did not appear with the group in their other criminal episodes, the absence serves to ferment doubt as to his involvement even in the present instance. In any event there is no reasonable basis for concluding his participation in those activities where he was not accused of being involved. Appellant's contention provides no basis for relief.

All other issues, having been considered, are found to be without merit and denied.

Judgment of sentence affirmed.