J-S18023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON JOHNSON | : | |
| | : | |
| Appellant | : | No. 1065 EDA 2022 |

Appeal from the PCRA Order Entered April 14, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003744-2010

BEFORE:   PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 20, 2023**

Appellant Aaron Johnson appeals *pro se* from the Order denying his motion for relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46.  He raises layered ineffective assistance of counsel claims.

The trial court set forth the following factual and procedural history in its Pa.R.A.P. 1925(a) Opinion.[1]  In 1994, Appellant received an aggregate sentence of 25 to 50 years' incarceration in connection with the shooting and robbery of Anthony Pellot.  The shooting rendered Mr. Pellot a quadriplegic.

---

[*] Former Justice specially assigned to the Superior Court.

[1] The Hon. Glenn B. Bronson presided over both Appellant's trial and his PCRA proceedings.

On June 30, 2009, 15 years later, Mr. Pellot died as a result of complications from the injuries he sustained from the shooting. The Commonwealth charged Appellant with murder.[2]

The court held numerous pretrial hearings. Relevant to this appeal, at a conference held on April 13, 2012, the trial court noted that it had received a letter from trial counsel "regarding [her] suspicion that the defendant might be incompetent[.]" N.T., 4/13/12, at 2. The court ordered "forthwith" a mental health evaluation for Appellant. *Id*. One week later, at a listing to address the status of Appellant's mental health, the court learned that Appellant had refused to be evaluated. N.T., 4/20/12, at 2. The court then asked trial counsel about the basis for her believing that defendant might be incompetent, and she responded that Appellant "refused to address any of the issues that were relevant to the case, was very upset [because] the court has not responded to motions that he had filed under the Maritime Act." *Id*. at 4. She also noted that he did not want Ms. Coyne to represent him. *Id*. at 5; PCRA Ct. Op., 6/28/22, at 7-8. The court ultimately found that counsel's concerns about Appellant's competency were "unfounded" because Appellant was merely espousing views held by so-called "sovereign citizens." N.T., 4/20/12, at 37-8. The court also observed that Appellant "seems articulate. He seems to understand what I'm saying to him. He does not seem to not

---

[2] Regina M. Coyne, Esq., represented Appellant at his murder trial and Lee Mandell, Esq., represented him on appeal.

understand the nature of the proceeding. He doesn't seem to have any disconnect with reality." *Id.* at 38.

A jury trial ensued.[3] The Commonwealth read the victim's testimony from the 1994 aggravated assault trial to the jury as well as the testimony from an eyewitness. Appellant's co-defendant testified that he saw Appellant shoot the victim in the neck. Other witnesses testified to the circumstances leading up to and including the shooting. Subsequently, Appellant stipulated that he fired the shot that struck the victim in the neck. *See* N.T. Trial, 5/15/12, at 86. The Commonwealth's medical expert testified that the gunshot wound was ultimately the direct cause of the victim's eventual death. Appellant presented testimony from his own forensic pathology expert who opined that the gunshot wound was a factor in the victim's death.

The jury convicted Appellant of first-degree murder on May 18, 2012. The court immediately sentenced him to the mandatory term of life in prison. This Court affirmed the judgment of sentence and the Pennsylvania Supreme Court denied allowance of appeal on August 28, 2014. *See Commonwealth v. Johnson*, 97 A.3d 799 (Pa. Super. 2014) (non-precedential memorandum), *appeal denied*, 99 A.3d 76 (Pa. 2014).

Appellant *pro se* filed his PCRA petition on August 4, 2015. The court appointed counsel who filed an Amended PCRA Petition on August 17, 2016.

---

[3] Prior to the start of trial, the court denied Appellant's request to represent himself, concluding that because he would not swear or affirm to tell the truth, he forfeited his right to represent himself. *See generally* N.T., 5/14/12, at 19-25.

On August 24, 2016, Appellant filed a motion to represent himself. The court held a *Grazier*[4] hearing, and concluded that Appellant's waiver of counsel was knowing, intelligent, and voluntary. The court, thus, struck the counseled Amended PCRA petition, and allowed Appellant to proceed *pro se*.

After a November 2019 status conference,[5] Appellant retained Matthew Weisman, Esq., who entered his appearance on December 3, 2019.

On June 4, 2021, counsel filed an Amended PCRA petition asserting a layered ineffective assistance of counsel claim premised on (1) Appellant's competency at trial and (2) his wearing of prison garb during trial. The Commonwealth filed a motion to dismiss on September 9, 2021. Appellant filed a counseled response to the motion to dismiss.

On February 25, 2022, the court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Despite being represented by counsel, on March 7, 2022, Appellant filed a *pro se* motion for leave to amend the Amended Petition and requested an evidentiary hearing. On April 8, 2022, Appellant filed a *pro se* response to the Rule 907 Notice in which he raised for the first time a double jeopardy claim asserting that the aggravated assault conviction barred the subsequent murder conviction.

_____

[4] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

[5] Following the first *Grazier* hearing, the PCRA court continued the PCRA proceedings multiple times to allow Appellant to obtain the decedent's medical records and investigate a potential claim of medical causation and trial counsel's ineffectiveness. Appellant ultimately abandoned his efforts.

- 4 -

On April 14, 2022, the court dismissed the PCRA petition, removed Attorney Weisman as counsel, and appointed Steven O'Hanlon, Esq., to represent Appellant in this PCRA appeal.

Appellant filed a timely counseled notice of appeal and a court-ordered Pa.R.A.P. 1925(b) Statement. The court filed a responsive Pa.R.A.P. 1925(a) Opinion. Appellant filed a motion in this Court seeking to proceed *pro se*. We remanded to the PCRA court for a ***Grazier*** hearing. After holding the hearing, the PCRA court certified to this Court that Appellant's waiver of appellate counsel was knowing, intelligent, and voluntary.

In his *pro se* appellate brief, Appellant provides the following Statement of Questions Involved:

> 1. Did the PCRA court err in dismissing Appellant's timely filed PCRA without a hearing, knowing that his Six Amendment rights to effective assistance of counsel was violated?
>
> 2. Did the PCRA court err by not granting the Appellant an evidentiary hearing, "stating he did not proffer sufficient evidence to prove he was incompetent to stand trial on his claim of trial counsel's failure to provide effective assistance of counsel by NOT requesting an inpatient competency evaluation." Appellant counsel failed to raise the claim on direct appeal and PCRA counsel was ineffective for failing to develop the claim constituting layered ineffectiveness.
>
> 3. Did the PCRA court err by not granting the Appellant an evidentiary hearing stating, "He did not proffer sufficient evidence that he was denied his right NOT to appear in prison-uniform during trial on his claim of trial counsel's failure to provide effective assistance of counsel." Appellant counsel was ineffective for failing to raise the claim on direct appeal and likewise PCRA counsel was ineffective for failing to proffer sufficient evidence to preserve the issues.

- 5 -

4. Did the trial court err by denying the defendant's right to act as his own counsel when this right is implicit in the Sixth Amendment to the United States Constitution, U.S. Const. Amend VI, and explicit in the Pa. Constitution art. I § 9?

Appellant's Br. at 9-10 (verbatim, except unnecessary capitalization omitted).

A.

The following standards guide our review of the denial of a PCRA petition that is based on ineffectiveness of counsel.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (citation omitted). We must determine whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). With regard to the PCRA court's legal conclusions, however, our standard of review is *de novo*. *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011).

We review a PCRA court's decision to deny a request for an evidentiary hearing for an abuse of discretion. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015). Where a PCRA Petition raises "material disputes regarding the reasonableness of counsel's actions, a hearing is required." *Commonwealth v. Reid*, 99 A.3d 470, 501 n.26 (Pa. 2014); *see also* Pa.R.Crim.P. 908(A)(2) (requiring a PCRA hearing "when the petition for post-conviction relief . . . raises material issues of fact"). Although our Supreme Court has expressed a preference for an evidentiary hearing on counsel's

action or inaction, a petition must raise a "colorable" claim of ineffectiveness to obtain a hearing. *Commonwealth v. Cousar*, 154 A.3d 287, 299 (Pa. 2017).

Finally, to succeed on a claim of ineffective assistance of counsel, Appellant must demonstrate that (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012). To obtain relief, Appellant must present argument on all three elements of the ineffective assistance of counsel standard. *Commonwealth v. Natividad*, 938 A.2d 310, 321-22 (Pa. 2007). Counsel will not be found ineffective for failing to raise a meritless claim. *Commonwealth v. Fetter*, 770 A.2d 762, 770 (Pa. Super. 2001) (citation omitted).

B.

Under a heading purporting to correspond to Appellant's first issue, Appellant asserts that trial counsel failed to conduct "any pre-trial investigation," counsel was unprepared, Appellant was convicted based on perjured testimony of his co-defendant from the 1994 case, and trial counsel failed to challenge the *mens rea* element of the murder charge. Appellant's Br. at 19-22. He also asserts that his expert witness at his murder trial was incompetent and that the court violated his double jeopardy rights by holding the murder trial. **Id**. at 23. He further asserts that the trial court harbored

bias against him and the Commonwealth "acted wrongly with egregious deceitful, unethical practices to reach a guilty verdict." ***Id***. at 26-29. He concludes that a hearing is required because "the record is undeveloped, the evidence is fabricated and a fraud on the court has been perpetrated." ***Id***. at 30.

Pennsylvania has a bright-line rule that issues not preserved in a Pa.R.A.P. 1925(b) Statement are waived for appellate review. ***Commonwealth v. Butler***, 812 A.2d 631, 633-34 (Pa. 2002). Further, an appellant waives review of issues that could have been raised before trial, at trial, or on direct appeal but were not. 42 Pa.C.S. § 9544(b); ***Commonwealth v. Lambert***, 797 A.2d 232, 240-241 (Pa. 2001). Finally, issues not raised in a PCRA Petition are waived. ***Id***.

As noted above, Appellant raised two issues in his Rule 1925(b) Statement pertaining to counsel's ineffectiveness which were based on a challenge to his competency to stand trial and the wearing of his prison garb during trial. To the extent Appellant is now raising issues in his argument section that are unrelated to those raised in his Rule 1925(b) Statement, they are waived.[6]

**C**.

_____

[6] Likewise, Appellant did not raise his fourth issue in his PCRA petition, and it is also waived.

Under the heading pertaining to his second issue, Appellant presents a disjointed, meandering series of statements where he discusses the same unpreserved issues noted above, adds an allegation of police misconduct, and asserts direct appeal counsel "was deficient" for refusing to raise a claim of ineffectiveness of trial counsel on direct appeal. Appellant's Br. at 30-32. In one of two instances where he mentions the word "competency," Appellant complains that competency and his right to self-representation became "intertwined." *Id*. at 31. His brief, however, then lodges into an allegation that counsel provided ineffective assistance by not raising challenges to both the weight and sufficiency the trial evidence. *Id*. at 31.

It is an appellant's duty to present sufficiently developed arguments on issues that have been preserved for review. *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007). "The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." *Id.*, citing Pa.R.A.P. 2119(a), (b), (c). "[W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived. *Id.* (citation omitted)*; Pa.R.A.P. 2101. *See also Commonwealth v. Hallock*, 722 A.2d 180, 181 (Pa. Super. 1998) (holding that "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof."). "This Court

will not act as counsel and will not develop arguments on behalf of an appellant." *Hardy*, 918 A.2d at 771.

Appellant utterly fails present any cogent argument related to the issue as raised and fails to inform us of how the PCRA court erred in its observation that Appellant's attempt at claiming incompetency was unsupported. Rather, he discusses unrelated, unpreserved issues and states (without a subject included in the sentence), that "by not reviewing the record relative to competency, it was reasonably probable that the outcome would have been different, even a favorable outcome absent of counsel's failure to act." Appellant's Br. at 33. Appellant's defective brief and inadequate argument fatally hamper our review. His issue is, thus, waived.[7]

---

[7] Moreover, a "defendant is presumed to be competent to stand trial" and it is the defendant's burden to prove "by a preponderance of the evidence that he was incompetent to stand trial." *Commonwealth v. Rainey*, 928 A.2d 215, 236 (Pa. 2007). This requires proof, as an initial matter, showing that if a medical professional had conducted a competency evaluation at the time of the trial, the medical professional would have concluded that the defendant was not competent. *Id.* Here, the PCRA court observed that Appellant proffered no expert evidence to establish that he was incompetent at the time of his trial. "Instead, [Appellant] relied entirely on [his] conduct and the assertions of trial counsel at the April 20, 2012 status listing described above, which, at most, support an argument that an evaluation should have been done; not that defendant would have been found to have been incompetent." Tr. Ct. Op. at 10 (footnote omitted). As noted above, Appellant has failed to inform us how the PCRA court erred, barely mentions the word "competency," and presents only conclusory statements regarding ineffective assistance of counsel. Although Appellant claims the record would be developed if the PCRA court had held a hearing, he does not address the court's conclusion that he did not present a colorable claim warranting a hearing.

**D**.

In his last issue, Appellant asserts that trial counsel and each successive counsel provided ineffective assistance by failing to raise a claim that he was deprived of his due process rights when he "was compelled to appear in prison garb" during his trial. Appellant's Br., at 37-38. He summarily states, without citation to the record or relevant case law, that the "instruction to disregard does not cure the prejudice, nor alleviates the prejudice associated with appearing in such apparel." *Id*. at 38.

In addressing this claim, the PCRA court acknowledged that Appellant wore prison garb during his trial and that due process prohibits a defendant from being compelled to wear prison garb during a jury trial. PCRA Ct. Op. at 11 (citing *Estelle v. Williams*, 425 U.S. 501, 512-13 (1976), and *Commonwealth v Keeler*, 264 A.2d 407, 409-410 (Pa. Super. 1970)). The court explained, however, that Appellant had refused to wear civilian clothes and, thus, the court did not compel him to wear prison garb. The court noted:

> The undersigned trial judge, who presided over defendant's trial, has an invariable practice of only permitting a defendant to wear prison clothes during a jury if the defendant refuses to wear civilian clothes. Nevertheless, the [c]ourt afforded [Appellant] an opportunity to proffer evidence to the contrary, setting forth the following in the [c]ourt's [Rule] 907 notice:
>
> > Defendant's second claim, regarding his prison garb at trial, is denied on the ground that defendant has not proffered any evidence that he was denied the opportunity to wear civilian clothes at trial. It is the practice of the undersigned trial judge to conduct a jury trial with a defendant wearing prison garb only if the defendant has

refused to wear civilian clothes. There is no contrary evidence in the record.

PCRA Ct. Op. at 11-12.[8]

Appellant does not dispute the trial court's finding that he refused to wear civilian clothes. Instead, he argues, without citation to the record, that "the trial court abused its discretion by forcing Appellant to appear before and be tried by a panel of jurors who saw him clothed in prison garb for the entire trial," and each of his attorneys "missed the structural error." Appellant's Br. at 38-39.

Since Appellant does not dispute the trial court's observation that he refused to wear civilian clothing and does not indicate where the record indicates that the trial court "forced him" to appear in prison garb at his trial, Appellant has not demonstrated that the claim underlying this layered ineffective assistance of counsel has arguable merit. Accordingly, this issue warrants no relief.

**E.**

In sum, having found Appellant's issues waived, we affirm the order denying PCRA relief.

Order affirmed.

---

[8] In a footnote, the trial court acknowledged that "the pretrial discussions regarding defendant's clothing were not transcribed." PCRA Ct. Op. at 12 n.8.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 7/20/2023*